■ Leon Morse, Respondent, v Ted Cadillac, Inc., et al., Appellants.—In an action for specific performance of certain contracts, and to recover damages based on tortious interference with contract, the defendants appeal from an order of the Supreme Court, Kings County (Cohen, J.), dated March 9, 1988, which denied their motions for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with one bill of costs, the defendants' motions are granted and the complaint is dismissed.

This action arises out of the parties' negotiations for the sale of an automobile dealership. The parties' respective obligations are set forth in two separate written agreements, a contract for the sale of real property and a contract for the sale of certain assets. Pursuant to a separate "single transaction agreement", the two contracts referred to above are interdependent. Section 12 of the contract of sale regarding dealership assets provides that the obligation of the seller, the defendant Ted Cadillac, Inc. (hereinafter Ted Cadillac), to perform was expressly conditioned on the "issuance by the Cadillac Motor Car Division of the General Motors Corporation of a Dealer's Franchise Agreement" to the plaintiff.

The Cadillac Motor Car Division of General Motors Corporation did not issue a franchise agreement to the plaintiff. Accordingly, an express condition precedent to the obligation of Ted Cadillac to perform remained unfulfilled, and the contract expired. Alleging that the conduct of the defendant General Motors Corporation and certain of its corporate divisions was wrongful, the plaintiff then brought the present action to recover damages based on a theory of tortious interference with a contractual relationship. The plaintiff also sought specific performance. The defendants all made motions for summary judgment, which were denied. We reverse.

The promise made by Ted Cadillac to convey certain real property and other assets to the plaintiff was expressly made subject to the plaintiff's obtaining approval for an automobile sales franchise from General Motors Corporation (hereinafter General Motors). It is a basic tenet of contract law that "[b]efore liability can arise on a promise qualified by conditions expressed or implied in fact, such conditions must be fulfilled" (22 NY Jur 2d, Contracts, § 288, at 156; see also, Hadcock Motors v Metzger, 92 AD2d 1). Since a condition precedent to performance of the contract by Ted Cadillac was not fulfilled, the plaintiff's action against it for specific perfor-

mance is meritless. Equally without merit is the plaintiff's action against the defendant Theodore L. Puttick, one of Ted Cadillac's shareholders, who at all relevant times acted as the agent for that corporation.

The plaintiff's cause of action against General Motors based on its alleged interference with the plaintiff's contractual relations is also without merit. General Motors did not wrongfully induce Ted Cadillac to breach its contract with the plaintiff (cf., Guard-Life Corp. v Parker Hardware Mfg. Corp., 50 NY2d 183, 189-190, quoting Restatement [Second] of Torts § 766). Instead, General Motors simply exercised its right to refuse to enter into a dealership franchise agreement with the plaintiff.

There are no issues of fact which require a trial. The defendants are therefore entitled to summary judgment. Bracken, J. P., Rubin, Sullivan and Harwood, JJ., concur.