■ In the Matter of COALITION OF UNITED PEOPLES, INC., Appellant, v EDWARD BRADY et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Westchester County Board of Legislators, dated April 23, 1990, which accepted a final environmental impact statement submitted by the County of Westchester, the petitioner appeals, by permission, from an order of the Supreme Court, Westchester County (Silverman, J.), dated May 2, 1990, which denied its application for a preliminary injunction.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

West-H.E.L.P. Inc. (hereinafter HELP), one of the respondents herein, is a not-for-profit corporation engaged in the construction and operation of transitional housing for the homeless. Since 1987, HELP has sought to construct 108 units of transitional housing for the homeless in the Town of Greenburgh, Westchester County. The proposed location for the construction is approximately 30 acres of undeveloped land situated upon a larger tract which was formerly known as the Hartford Estate in Westchester County. In August 1988, Westchester County, after being designated "lead agency" pursuant to the New York State Environmental Quality Review Act (hereinafter SEQRA), determined that the HELP project might have a significant effect upon the environment, and thereafter issued a positive declaration *(see,* ECL 8-0109 [4]; 6 NYCRR 617.6). In accordance with the requirements of SEQRA and the applicable regulations, the county then prepared a draft environmental impact statement (hereinafter DEIS) *(see,* ECL 8-0109 [4]; 6 NYCRR 617.8). A public hearing was held in August 1989 for the purpose of receiving comments on the DEIS *(see,* ECL 8-0109 [5]), and, in addition,

written comments thereon were accepted by the county. Thereafter, in September 1989 the county completed a final environmental impact statement (hereinafter FEIS) and, on April 23, 1990, the Westchester County Board of Legislators (hereinafter the Board) accepted the FEIS and approved the project. The petitioner commenced the instant proceeding on the basis, *inter alia,* that the Board had based its determination upon a FEIS which was deficient. It sought a preliminary injunction barring further proceedings with respect to the project, until such time as SEQRA had been complied with. The Supreme Court denied petitioner's motion, concluding that the petitioner failed to satisfy its burden of showing entitlement to preliminary injunctive relief. We affirm.

The law is well settled that to prevail on an application for preliminary injunctive relief the moving party must demonstrate (1) a likelihood of ultimate success on the merits, (2) irreparable injury, and (3) a balancing of equities in favor of the movant *(see, Doe v Axelrod,* 73 NY2d 748, 750; *Nalitt v City of New York,* 138 AD2d 580). In order to establish a likelihood of success on the merits, the petitioner was required to demonstrate a failure on the part of the county to comply with the substantive SEQRA requirements. As the Court of Appeals has recently reaffirmed, when approval of a proposed project is sought to be set aside on the ground that the legislative body has based its determination upon a FEIS which is claimed to be deficient, the judicial standard of review is limited to whether that legislative body identified the relevant areas of environmental concern, took a hard look at them, and made a reasoned elaboration of the basis for its determination *(see, Akpan v Koch,* 75 NY2d 561; *Matter of Jackson v New York Urban Dev. Corp.,* 67 NY2d 400; *Aldrich v Pattison,* 107 AD2d 258). An agency's compliance with its substantive obligations under SEQRA is governed by a rule of reason and the extent to which particular environmental factors are considered varies in accordance with the circumstances and nature of the particular case *(Akpan v Koch, supra).* Moreover, a reviewing court may not substitute its judgment for that of the agency, since "it is not [its] role to 'weigh the desirability of any action or [to] choose among alternatives' " *(Akpan v Koch, supra,* at 570; *see also, Chinese Staff & Workers Assn. v City of New York,* 68 NY2d 359; *Aldrich v Pattison, supra).*

Keeping in mind this court's limited scope of review, we find no reason to set aside the Board's determination. Here, the petitioner raised more than 24 separate areas of concern

which it claimed were not properly addressed in the FEIS. However, upon a review of the record, we find that the Board did in fact identify each of these issues, took a hard look at them, and made a reasoned elaboration on its findings *(Akpan v Koch, supra).* There is no indication that this determination was affected by an error of law, or was arbitrary and capricious *(Akpan v Koch, supra; Aldrich v Pattison, supra).*

Inasmuch as the petitioner has not demonstrated a likelihood of success on the merits, its application for a preliminary injunction was properly denied. Mangano, P. J., Brown, Rubin and Rosenblatt, JJ., concur.