■ JOINT QUEENSVIEW HOUSING ENTERPRISE, INC., Respondent, v JOHN BALOGH et al., Appellants.—In an action, *inter alia,* for a judgment declaring that the defendants have no right to occupy apartment 10C of 21-66 33rd Road, Long Island City, New York, the defendants appeal (1) from an order and judgment (one paper) of the Supreme Court, Queens County (Graci, J.), dated October 18, 1989, which granted the plaintiff's motion for summary judgment, and declared that the shares of stock allocated to apartment 10C were canceled, and (2) from an order of the same court (Graci, J.), dated December 18, 1989, which denied their motion for reargument.

Ordered that the order and judgment dated October 18, 1989, is affirmed; and it is further,

Ordered that the appeal from the order dated December 18, 1989, is dismissed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The plaintiff is a cooperative corporation located at 21-66 33rd Road in Long Island City, New York. Mary and Edward Balogh purchased shares in the cooperative and received a proprietary lease entitling them to occupy apartment 10C. Edward Balogh died in 1987, his wife Mary having predeceased him. John Balogh was appointed administrator of Edward Balogh's estate and inherited Edward Balogh's shares

in the cooperative. The plaintiff's by-laws and policy of occupancy provided that the inheritance of shares in the cooperative did not automatically confer the right to occupy the apartment, as the heir was required to receive permission to occupy the apartment from the Board of Directors by filing an application. The plaintiff's by-laws provided that no shares in the cooperative could be transferred by any shareholder to anyone else so long as the plaintiff was willing to repurchase the shares. The plaintiff's proprietary lease prohibited subletting by the lessee without the prior written approval of the Board of Directors. John Balogh and his family occupied the apartment after Edward Balogh's death and thereafter, formally applied for occupancy. The Board of Directors denied his application for occupancy, and simultaneously informed him of its willingness to repurchase the shares held by him as administrator of Edward Balogh's estate. After he and his family continued to occupy the apartment and did not transfer the shares back to the plaintiff, the plaintiff instituted this action against the defendants for declaratory relief, injunctive relief, and damages. Thereafter, the plaintiff moved for summary judgment. The Supreme Court granted the motion for summary judgment. The defendants moved to renew and reargue but their motion was denied.

We agree with the Supreme Court that there were no issues of fact precluding summary judgment. So long as a Board of Directors acts for the purposes of the cooperative, within the scope of its authority, and in good faith, courts will not substitute their judgment for the board's *(see, Matter of Levandusky v One Fifth Ave. Apt. Corp.,* 75 NY2d 530).

The actions of the plaintiff Board of Directors were within the scope of its authority. Although the plaintiff's policy of occupancy provided for the inheritance of shares, the plaintiff also retained the right to reject any heir's application for permission to occupy an apartment. The plaintiff's by-laws provided that no transfer of shares could occur without its written consent and that a retiring shareholder was required to first offer the shares back to the corporation so that it could notify the shareholder of its willingness to repurchase the shares. The plaintiff presented evidence to show that its Board of Directors rejected John Balogh's application for permission to occupy the apartment due to his breach of the proprietary lease in occupying the apartment without their approval. Accordingly, the plaintiff had the right, as a matter of law, to repurchase the shares and regain possession of the apartment.

While the denial of a motion to renew is appealable *(see,*

*Karlin v Bridges,* 172 AD2d 644), an examination of the moving papers on the motion to renew and reargue indicates that the motion was not based on new facts but rather new legal arguments, and was therefore essentially a motion for reargument *(see, F&G Heating Co. v Board of Educ.,* 103 AD2d 791; *Weisse v Kamhi,* 129 AD2d 698). It is well settled that no appeal lies from an order denying a motion for reargument *(see, Schaefer v Long Is. R. R.,* 112 AD2d 153).

We have examined the defendants' remaining contentions and find them to be without merit. Kunzeman, J. P., Kooper, Sullivan and Lawrence, JJ., concur.