■ DANIEL G. SIMPSON et al., Appellants, v BERKLEY OWNER'S CORP. et al., Respondents. [623 NYS2d 583] —Order, Supreme Court, New York County (Leland DeGrasse, J.) entered on or about April 29, 1994, which dismissed petitioners-appellants' CPLR article 78 petition challenging a denial of approval to purchase a cooperative apartment, unanimously affirmed, without costs.

The IAS Court properly dismissed the within petition seeking to *inter alia,* annul the determination of respondents refusing to approve petitioner's application to purchase the shares representing an interest in the cooperative apartment. Absent illegal discrimination, the respondent members of the board of directors of the respondent cooperative corporation had the right to withhold their approval of petitioners' purchase for any reason or no reason *(Rossi v Simms,* 119 AD2d 137, 140). The so-called business judgment rule *(see, Matter of Levandusky v One Fifth Ave. Apt. Corp.,* 75 NY2d 530, 537-538) permits judicial inquiry into claims of fraud or self-dealing by board members *(see, Schoninger v Yardarm Beach Homeowners' Assn.,* 134 AD2d 1, 10) but only where such claims have a basis. The petitioners were required to submit evidence that the board did not act in the best interest of the shareholders *(see, Straus v 345 E. 73 Owners Corp.,* 181 AD2d

483, 488). The IAS Court correctly determined that petitioners did not. We have considered petitioners' remaining arguments, and find them to be without merit. Concur—Ellerin, J. P., Rubin, Ross, Nardelli and Tom, JJ.