■ PAUL COOPER et al., Respondents-Appellants, v GREENBRIAR OWNERS CORP. et al., Appellants-Respondents. [657 NYS2d
994] —In an action to recover damages for the unreasonable
failure to approve a prospective buyer of a cooperative apartment, (1) the defendants appeal from so much of an order and
judgment (one paper) of the Supreme Court, Queens County
(Savarese, J.H.O.), dated March 22, 1996, as, after a nonjury
trial, dismissed their counterclaim to recover legal expenses,
and (2) the plaintiffs cross-appeal from so much of the same order and judgment as dismissed their complaint.

Ordered that the order and judgment is affirmed, without
costs or disbursements.

In January 1991 the plaintiffs commenced the instant action
to recover money damages, alleging that the defendant Greenbriar Owners Corp., a cooperative corporation, and its board of
directors (hereinafter collectively the Board), acted in an
"arbitrary, capricious, [and] illegal" manner in rejecting a prospective purchaser of their cooperative shares. In the answer,
the Board counterclaimed to recover legal expenses pursuant
to the proprietary lease between the cooperative cooperation
and the plaintiffs. After a hearing, the Supreme Court
dismissed both the plaintiffs' complaint and the counterclaim
of the Board. We affirm.

It is well established that where a cooperative board "acts
for the purposes of the cooperative, within the scope of its
authority and in good faith, courts will not substitute their
judgment for the board's" (*Matter of Levandusky v One Fifth
Ave. Apt. Corp.,* 75 NY2d 530, 538; *Joint Queensview Hous.
Enter. v Balogh,* 174 AD2d 605, 606). Here, the plaintiffs' allegation of bad faith on the part of the Board in rejecting the application of the proposed purchaser of their cooperative shares
was refuted by clear evidence that the Board acted within the
scope of its authority, in good faith, and for the benefit of the
residents collectively (*see, Simpson v Berkley Owner's Corp.,*
213 AD2d 207; *Allen v Murray House Owners Corp.,* 174 AD2d
400, 404-405). Since the plaintiffs have failed to meet their

burden of demonstrating a breach of fiduciary duty on the part of the Board, the Supreme Court properly dismissed the complaint (see, Matter of Levandusky v One Fifth Ave. Apt. Corp., supra; Katz v 215 W. 91st St. Corp., 215 AD2d 265; Simpson v Berkley Owner's Corp., supra; Board of Mgrs. v Feldman, 190 AD2d 650; Allen v Murray House Owners Corp., supra).

We conclude that under the circumstances of this case the imposition of attorneys' fees upon the plaintiffs was not warranted, and the counterclaim of the Board was properly dismissed. Rosenblatt, J. P., Thompson, Altman and Luciano, JJ., concur.