■ Semyon Pesochinsky, Appellant, v 77 Bleecker Street Corp., Respondent. [672 NYS2d 879] —Order, Supreme Court, New York County (Barbara Kapnick, J.), entered February 4, 1997, which, in an action by plaintiff high bidder to compel defendant residential cooperative to convey the shares and proprietary lease to the subject apartment, denied plaintiff's motion for a preliminary injunction against the sale of such shares, and granted defendant's cross motion to dismiss the complaint for failure to state a cause of action, unanimously affirmed, with costs.

The action was properly dismissed in the absence of any dispute that plaintiff had not complied with the terms of sale relating to his application for and approval by defendant's Board as a purchaser of the apartment. Plaintiff is not a shareholder of defendant and it owed him no fiduciary duty (compare, Ackerman v 305 E. 40th Owners Corp., 189 AD2d

665). He freely participated in the auction fully aware of the ban against investor purchasers, and now, by seeking to eliminate that ban as "commercially unreasonable", would inequitably secure for himself an advantage over the other bidders. Assuming, arguendo, that the Board's consideration of plaintiff's assignee's application for approval constituted a waiver of plaintiff's default, no facts are alleged that would warrant judicial interference with the Board's rejection of that application (*see, Matter of Levandusky v One Fifth Ave. Apt. Corp.*, 75 NY2d 530, 538). Moreover, if the assignment were valid, as plaintiff argues, plaintiff would no longer be the party in interest and would have no standing to bring this action. We have considered plaintiff's other arguments and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Williams, Mazzarelli and Andrias, JJ.