■ JUDITH POBER et al., Appellants, v COLUMBIA 160 APARTMENTS CORP. et al., Respondents. [697 NYS2d 619] —Order, Supreme Court, New York County (Carol Huff, J.), entered June 30, 1998, which, *inter alia*, granted defendants' cross motions for summary judgment with respect to plaintiffs' first cause of action to the extent of declaring that the consent of the board of directors of defendant Columbia 160 Apartments Corp. was required for transfer to plaintiffs of the proprietary lease and shares allocated to the subject apartment, and declaring that defendant Independence Savings Bank was not obligated to deliver the shares and proprietary lease to plaintiffs, and granted summary judgment dismissing the balance of plaintiffs' complaint, unanimously affirmed, with costs.

Contrary to plaintiffs' contention, the circumstances presented by this case did not warrant invocation of paragraph 17 (d) of the subject proprietary lease. Moreover, even if paragraph 17 (d) were applicable, it would not avail plaintiffs since, as mere contract vendees of shares allocated to an apartment in defendant Columbia 160 Apartments, they remained strangers to the cooperative corporation's proprietary lease and consequently were without standing to invoke the rights of the seller thereunder (*see, Sims v Darwood Mgt.*, 147 AD2d 373, 376-377). Given the inapplicability of paragraph 17 (d), the motion court properly determined that cooperative board approval was required as a condition precedent to defendant Independence's sale of the subject shares in the cooperative corporation to plaintiffs, and that the failure to obtain such approval precluded plaintiffs from bringing an action for specific performance against the bank (*see, Morse v Ted Cadillac*, 146 AD2d 756, 757, *appeal dismissed* 74 NY2d 700). Since there was no breach by Independence of its contract of sale with plaintiffs, the cause of action alleging that such a breach had occurred and that it had been tortiously induced by defendant Columbia 160, was properly dismissed (*supra*). Finally, plaintiffs submitted no evidence of self-dealing warranting judicial interference with the cooperative board's determination to deny plaintiffs' application to purchase shares in the cooperative corporation (*see, Simpson v Berkley Owner's Corp.*, 213 AD2d 207). Concur—Ellerin, P. J., Williams, Wallach, Buckley and Friedman, JJ.