■ GLENN F. WOO, Appellant, v IRVING TENANTS CORP. et al., Respondents. [714 NYS2d 276] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered on or about August 12, 1999, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.

The motion court correctly determined that because plaintiff was a mere contract vendee of shares in defendant residential cooperative corporation and, accordingly, not a party to, or a third-party beneficiary of, the proprietary lease between the cooperative corporation and the owner of contracted for shares, he was without standing to enforce the proprietary lease against the cooperative or its president, defendant Briggs (*see, GSG Holdings v Multi Boro Realty Corp.*, 240 AD2d 159, 160; *Sims v Darwood Mgt.*, 147 AD2d 373, 376-377). Moreover, even if plaintiff had possessed standing to sue upon the proprietary lease, the disputed actions of the cooperative in rejecting him as a purchaser of its shares were within the protective ambit of the business judgment rule, plaintiff having made no showing that the cooperative's decision was rendered in bad faith or in furtherance of purposes other than those legitimately held by the cooperative corporation (*see, Matter of Levandusky v One Fifth Ave. Apt. Corp.*, 75 NY2d 530, 537-538). Finally, in light of the fact that the cooperative's challenged actions were protected by the business judgment rule, it is plain that plaintiff's remaining claim, that said actions constituted tortious interference with the subject contract for the sale of cooperative shares to plaintiff, was not tenable (*see, Levine v Yokell*, 245 AD2d 138, 139). Concur—Rosenberger, J. P., Williams, Wallach, Saxe and Buckley, JJ.