■ ALLISON ARIDAS, Appellant, v 244 EAST 60TH STREET OWNERS CORP. et al., Respondents, et al., Defendant. [739 NYS2d 703] —Order, Supreme Court, New York County (Marilyn Shafer, J.), entered on or about January 11, 2001, which granted the motions of defendant residential cooperative and managing agent for summary judgment dismissing the amended complaint, and denied plaintiff contract vendee's cross motion for summary judgment, unanimously affirmed, without costs.

Plaintiff's contract to purchase the subject apartment from the bank that foreclosed on it provided that the "sale is subject to the approval of the Corporation," which approval was refused for financial reasons. When plaintiff learned that the bank then contracted to sell the apartment to the coop board's president, she commenced this action for, inter alia, an injunction compelling defendant managing agent to approve her contract with the bank in accordance with paragraph 17 (b) of the proprietary lease. That paragraph provides that if the lease is terminated at the lender's request by reason of the lessee's default, the lender can assign the shares and lease allocated to the apartment "to a reputable person subject only to the approval of the managing agent of the Lessor which approval shall not be unreasonably withheld or delayed." Subsequently, plaintiff purchased the bank's security interest in the apartment's shares and proprietary lease, whereupon the bank canceled its contract with the board's president. When the coop and managing agent moved for summary judgment, plaintiff cross-moved to amend the complaint so as to add a cause of action based on her newly acquired status as the bank's assignee. The complaint was properly dismissed. There is no merit to plaintiff's claim that the board's rejection of her application violated her right under paragraph 17 (b) of the lease to have her application considered by the managing agent, since, at the time plaintiff's application for approval was submitted and determined, she was a stranger to the lease without standing to assert any rights thereunder (*see, Woo v Irving Tenants Corp.*, 276 AD2d 380; *Pober v Columbia 160 Apts. Corp.*, 266 AD2d 6). We would add that both plaintiff's contract with the bank and her application for approval do not refer to the managing agent and expressly provided that the application was subject to the approval of the board. Nor does plaintiff have a cause of action for tortious interference with contract absent a showing of fraud or self-dealing by a board member such as would overcome the business judgment shielding the board's rejection of her (*see, Woo v Irving Tenants Corp., supra*; *Simpson v Berkley Owner's Corp.*, 213 AD2d 207). We have considered plaintiff's other arguments and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Wallach, Rubin and Marlow, JJ.