■ IVAN LEIST, Respondent, v WALTER GOLDSTEIN, Defendant, and WESTHAMPTON BATH & TENNIS CLUB OWNERS CORP., Appellant. [760 NYS2d 191] —In an action, inter alia, to compel conveyance of shares in a cooperative corporation, the defendant Westhampton Bath and Tennis Club Owners Corp. appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Berler, J.), dated February 5, 2002, as granted the motion of the plaintiff Ivan Leist for leave

to reargue and, upon reargument, denied its prior motion to dismiss the amended complaint insofar as asserted against it.

Ordered that the order is modified by deleting the provision thereof which, upon reargument, denied the motion of the defendant Westhampton Bath and Tennis Club Owners Corp. to dismiss the plaintiff's amended complaint insofar as asserted against it and substituting therefor a provision adhering to its original determination; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable by the plaintiff to the defendant Westhampton Bath and Tennis Club Owners Corp.

In light of the fact that the plaintiff's motion for leave to reargue was made at the court's request and after his filing of a notice of appeal but prior to the perfection of the appeal, the granting of reargument was an appropriate exercise of the court's discretion (see Liss v Trans Auto Sys., 68 NY2d 15, 20 [1986]; Matter of Budihas v Board of Educ., 285 AD2d 549 [2001]; Matter of Burns, 228 AD2d 674 [1996]; Bermudez v New York City Hous. Auth., 199 AD2d 356 [1993]).

However, upon reargument, the Supreme Court should have adhered to the original determination dismissing the amended complaint insofar as asserted against the defendant Westhampton Bath and Tennis Club Owners Corp. (hereinafter Westhampton Bath). The contract for the sale of shares in Westhampton Bath, a cooperative corporation, by the defendant Walter Goldstein to the plaintiff Ivan Leist, was expressly made subject to and conditioned upon Westhampton's proprietary lease and by-laws. The plaintiff, as the contract vendee of shares in a cooperative corporation, was not a party to the proprietary lease between the corporation and the contract vendor, and had no standing to enforce the terms of the proprietary lease against Westhampton Bath (see Aridas v 244 E. 60th St. Owners Corp., 292 AD2d 325 [2002]; Woo v Irving Tenants Corp., 276 AD2d 380 [2000]; Pober v Columbia 160 Apts. Corp., 266 AD2d 6 [1999]).

In any event, the proprietary lease expressly provided for written notification by Goldstein, the seller of the shares, and stated the conditions under which the notice requirement might be waived. Here, Goldstein did not provide notice in accordance with the terms of the proprietary lease, and Westhampton Bath never issued a certificate stating that the right of first refusal had been released or waived. Accordingly, the complaint should have been dismissed insofar as asserted against Westhampton Bath.

To the extent that Goldstein now seeks dismissal of the

complaint insofar as asserted against him in the event that the motion to dismiss the complaint against Westhampton Bath is granted, it is noted that Goldstein did not file a notice of appeal from the order under review (*see* CPLR 5515; *City of Mount Vernon v Mount Vernon Hous. Auth.,* 235 AD2d 516 [1997]; *Molinoff v Sassower,* 99 AD2d 528 [1984]). S. Miller, J.P., Krausman, Luciano and Mastro, JJ., concur.