GARY SINENSKY et al., Appellants-Respondents, v SOLOMON ROKOWSKY et al., Respondents-Appellants. [802 NYS2d 491]—

In an action, inter alia, to recover damages for housing discrimination based on disability in violation of Executive Law

§ 296, Administrative Code of City of New York § 8-107 (5), and the Fair Housing Act (42 USC § 3601 *et seq.*), for breach of fiduciary duty, tortious interference with contract, and declaratory and injunctive relief, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated December 9, 2004, as granted those branches of the separate cross motions of the defendant Solomon Rokowsky, and the defendants Victor Fein, Stanley Weiss, the Board of Directors of Premier House, Inc., and Premier House, Inc., which were to dismiss the causes of action to recover damages for housing discrimination and breach of fiduciary duty pursuant to CPLR 3211 (a) (1) and (7) insofar as asserted against them and denied their motion to enjoin the defendant Solomon Rokowsky, inter alia, from conveying shares of stock in a certain cooperative apartment to anyone other than the plaintiff Gary Sinensky, and the defendants Victor Fein, Stanley Weiss, the Board of Directors of Premier House, Inc., and Premier House, Inc., and the defendant Solomon Rokowsky separately cross-appeal, as limited by their respective briefs, from so much of the same order as denied those branches of their separate cross motions which were to dismiss the cause of action to recover damages for tortious interference with contract pursuant to CPLR 3211 (a) (1) and (7) insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof granting those branches of the separate cross motions of the defendant Solomon Rokowsky and the defendants Victor Fein, Stanley Weiss, the Board of Directors of Premier House, Inc., and Premier House, Inc., which were to dismiss the cause of action to recover damages for housing discrimination based on disability in violation of Executive Law § 296, Administrative Code of City of New York § 8-107 (5), and the Fair Housing Act (42 USC § 3601 *et seq.*) pursuant to CPLR 3211 (a) (1) and (7) insofar as asserted against them and substituting therefor a provision denying those branches of the cross motions; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

In considering a motion to dismiss pursuant to CPLR 3211 (a) (7), the court should "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *see Rochdale Vil. v Zimmerman*, 2 AD3d 827 [2003]; *Board of Educ. of City School Dist. of City of*

*New Rochelle v County of Westchester,* 282 AD2d 561 [2001]). Applying these principles to the instant case, the amended complaint and supporting affidavits "adequately alleged for pleading survival purposes" a cause of action for housing discrimination based on disability (*Leon v Martinez, supra* at 88).

Moreover, assuming the truth of the allegations, and affording the plaintiffs every favorable inference (*see Schneider v Hand,* 296 AD2d 454 [2002]), they have sufficiently pleaded a cause of action to recover damages for tortious interference with contract (*see Kronos, Inc. v AVX Corp.,* 81 NY2d 90, 94 [1993]; *Bernberg v Health Mgt. Sys.,* 303 AD2d 348, 349 [2003]; *Kravtsov v Thwaites Terrace House Owners Corp.,* 267 AD2d 154, 155 [1999]). Consequently, the Supreme Court properly declined to dismiss that cause of action.

However, the plaintiff Gary Sinensky, as the contract vendee of shares in the defendant cooperative corporation, was not a party to the proprietary lease between the corporation and the seller and, as such, no fiduciary duty was owed to him (*see generally Leist v Goldstein,* 305 AD2d 468, 469 [2003]; *Pesochinsky v 77 Bleecker St. Corp.,* 250 AD2d 494 [1998]; *Pober v Columbia 160 Apts. Corp.,* 266 AD2d 6 [1999]). Accordingly, the Supreme Court correctly dismissed the cause of action to recover damages for breach of fiduciary duty.

Finally, we conclude that the Supreme Court providently exercised its discretion in denying the plaintiffs' motion to enjoin the defendant Solomon Rokowsky, inter alia, from conveying shares of stock in the subject apartment to anyone other than the plaintiff Gary Sinensky. There are sharp factual disputes as to key issues in the record which preclude a finding of likelihood of success on the merits at this juncture (*see Price Paper & Twine Co. v Miller,* 182 AD2d 748, 750 [1992]; *Schneider Leasing Plus v Stallone,* 172 AD2d 739 [1991]; *Matter of Coalition of United Peoples v Brady,* 161 AD2d 641, 643 [1990]; *Merrill Lynch Realty Assoc. v Burr,* 140 AD2d 589, 593 [1988]). Florio, J.P., Luciano, Skelos and Lifson, JJ., concur.