**TRI–COUNTY MOTORS, INC.,**
Plaintiff–Appellant,

v.

**AMERICAN SUZUKI MOTOR CORPORATION, Defendant–Appellee.**

No. 07–3275–cv.

United States Court of Appeals, Second Circuit.

Nov. 24, 2008.

Ronald B. Goodman, (Philip T. Simpson, Jeremy J. Bethel, Rachel H. Song, of counsel), Robinson, Brog, Leinwand, Greene, Genovese & Gluck, P.C., New York, NY, Jeffrey R. Miller, Jeffrey R. Miller, P.C.,

on the brief, New York, NY, for Plaintiff–Appellant.

Michael J. Levin, Barger & Wolen LLP, New York, NY; Thomas W. Curvin, Carla W. McMillian, Sutherland Asbill & Brennan LLP, on the brief, Atlanta, GA, for Defendant–Appellee.

PRESENT: Hon. ROGER J. MINER, Hon. SONIA SOTOMAYOR and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Plaintiff-appellant Tri–County Motors, Inc. ("Tri–County") appeals from a July 5, 2007 decision of the United States District Court for the Eastern District of New York (Vitaliano, J.) granting defendant-appellee American Suzuki Motor Corporation's ("ASMC") motion for summary judgment. We assume the parties' familiarity with the underlying facts and procedural history of this case.

For substantially the same reasons as the district court, we conclude that Tri–County's breach of contract, promissory estoppel, and interference with contract claims fail because "there is no genuine issue as to any material fact," thus ASMC is "entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

As to breach of contract, Tri–County's reliance on industry custom and practice is misplaced because custom cannot create an intent to be bound. R.G. Group, Inc. v. Horn & Hardart Co., 751 F.2d 69, 74 (2d Cir.1984) ("[I]f parties do not intend to be bound by an agreement until it is in writing and signed, then there is no contract until that event occurs."). We agree with the district court that the starkly conditional language in Eastern Regional Director Christopher Borromeo's ("Borromeo") cover letter and in the dealership application evidences ASMC's "express reservation" not to be bound. Arcadian Phosphates, Inc. v. Arcadian Corp., 884 F.2d 69, 72 (2d Cir.1989) (language of the agreement the "most important" factor in determining intent to be bound).

We also agree with the district court that Tri–County's promissory estoppel claim cannot succeed because Borromeo's July 31, 2003 letter assuring Tri–County that "no dealer candidate will be unreasonably denied" is neither a clear and unambiguous promise nor a statement Tri–County could have reasonably relied upon with respect to its pending dealership application. Cyberchron Corp. v. Calldata Sys. Dev., Inc., 47 F.3d 39, 44 (2d Cir.1995) (citing "a clear and unambiguous promise" and "reasonable and foreseeable reliance" on the promise as two of the three required elements of a promissory estoppel claim).

Moreover, Tri–County cannot establish that, in rejecting its application, ASMC tortiously interfered with its Five Towns Suzuki purchase agreement. Such a claim requires a present contractual relationship, but Tri–County had only an expected contractual relationship with Five Towns Suzuki because the agreement was contingent upon ASMC's approval of the dealership. Finley v. Giacobbe, 79 F.3d 1285, 1294 (2d Cir.1996) (noting existence of a valid contract as the first required element of a tortious interference claim). And as the district court stated, ASMC did not expose itself to tortious interference liability when it merely chose not to approve the transaction with Tri–County. Morse v. Ted Cadillac, Inc., 146 A.D.2d 756, 757, 537 N.Y.S.2d 239, 240 (2nd Dep't 1989) (manufacturer's decision to decline franchise agreement does not interfere

with contractual relations between plaintiff and another franchisee).

▮ Finally, for the reasons stated by the district court, including the lack of evidence that the allegedly missing e-mails actually existed or were relevant to the litigation, or that ASMC's purported abuses were the result of bad faith, willful misconduct, or even gross negligence, the court did not abuse its discretion in denying Tri–County's motion for an order striking ASMC's answer or, alternatively, imposing sanctions for spoliated evidence and other discovery abuses. *See Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir.2002) (stating the standard for a review of a district court's motion for discovery sanctions); *see also Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990) ("A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence.").

For the foregoing reasons, the judgment of the district court is AFFIRMED.