■ CAREY LOVELACE, Respondent, v EUGENE KRAUSS et al., Appellants. [876 NYS2d 377]—

Judgment, Supreme Court, New York County (Milton A. Tingling, J.), entered October 14, 2008, declaring the contract between the parties cancelled and directing defendant escrowee to return plaintiff's deposit of $955,450, unanimously affirmed, with costs.

The subject of the underlying litigation is the July 24, 2007 contract of sale and rider between the parties wherein plaintiff offered to purchase two units in an East Side cooperative apartment building in Manhattan. Plaintiff placed a down payment of $955,450 with the sellers' law firm, as escrowee.

"It is an elementary rule of contract construction that clauses of a contract should be read together contextually in order to give them meaning" (*HSBC Bank USA v National Equity Corp.*, 279 AD2d 251, 253 [2001]). Under paragraph 1.23.2 of the contract and paragraph 49 of the rider, plaintiff identified as an occupant her dog, which suffered from a congenital heart condition and high blood pressure, and which she intended to keep for the remainder of the dog's life. Reading these paragraphs together, it is clear that plaintiff intended the dog to live with her in these premises.

Co-op board approval was required as a condition precedent to defendants' sale of these premises to plaintiff (*see Pober v Columbia 160 Apts. Corp.*, 266 AD2d 6 [1999]). Although the house rules (incorporated by reference in the contract) specified that permission to have a pet would be subject to written Board approval and plaintiff set forth in the contract her intent to have her dog living with her, the Board's approval letter only allowed plaintiff to have a dog present in her apartment "on occasion." Under these circumstances, where there was still an area of disagreement to be resolved, there was no unconditional approval by the Board (*Moss v Brower*, 213 AD2d 215 [1995]; *Arnold v Gramercy Co.*, 15 AD2d 762 [1962], *affd* 12 NY2d 687 [1962]).

The plain language of the contract permitted either party to cancel if unconditional approval was not obtained. Pets enjoy a

"cherished status . . . in our society" (*Raymond v Lachmann*, 264 AD2d 340, 341 [1999]), and there is no evidence to support the assertion that plaintiff used her dog as a pretext for cancelling the contract. Defendants have not sufficiently demonstrated how additional discovery might preclude the grant of summary judgment (*see Lambert v Bracco*, 18 AD3d 619, 620 [2005]), since there is no evidence that the Board would have assented unconditionally to the dog's permanent presence, or that plaintiff might have agreed to a modified restriction. Concur—Gonzalez, P.J., Tom, Sweeny, Catterson and Renwick, JJ.