■ BRUCE BERNSTEIN et al., Respondents, v EAST 51ST STREET DEVELOPMENT COMPANY, LLC, et al., Defendants, and NEW YORK CRANE & EQUIPMENT CORPORATION, Appellant. (And a Third-Party Action.) [914 NYS2d 3]—

Order, Supreme Court, New York County (Karen S. Smith, J.), entered October 29, 2009, which, to the extent appealed from as limited by the briefs, denied so much of defendant New York Crane & Equipment's motion as sought to dismiss the claims by plaintiffs Bernstein and Clarence Kwei for emotional distress, unanimously modified, on the law, to dismiss any portion of such claim sounding in nuisance from the complaint, and otherwise affirmed, without costs.

On March 15, 2008, a tower crane operating at 303 East 51st Street in Manhattan collapsed into the building at 300 East 51st Street. Plaintiffs Bernstein and Clarence Kwei, residents of the damaged building, claimed they were caused to suffer severe emotional distress and nuisance as a result of this incident.

The defendant was not estopped from relitigating matters decided in *Battistello v East 51st St. Dev. Co., LLC* (24 Misc 3d 858 [2009]), which involved similar claims for emotional distress and nuisance asserted by tenants of the same building against this defendant as a result of the same crane incident (*see Ryan v New York Tel. Co.*, 62 NY2d 494, 500-501 [1984]). Nevertheless, the motion to dismiss these claims was properly denied, as "[a] cause of action for negligent infliction of emotional distress, which no longer requires physical injury as a necessary element, generally must be premised upon the breach of a duty owed to plaintiff which either unreasonably endangers the plaintiff's physical safety, or causes the plaintiff to fear for his or her own safety" (*Sheila C. v Povich*, 11 AD3d 120, 130 [2004]). A building owner or general contractor owes a duty of care to individuals on nearby property who would be in danger of injury (*see 532 Madison Ave. Gourmet Foods v Finlandia Ctr.*, 96 NY2d 280, 290 [2001]). Bernstein and Clarence Kwei have alleged sufficient facts to imply that their claims for emotional distress were "genuine, substantial, and proximately caused by the defendant's conduct" (*Howard v Lecher*, 42 NY2d 109, 111-112 [1977]). The allegations that New York Crane & Equipment, failed, among other things, to have competent safety personnel inspecting the crane, to issue a "stop work" order for this project as a result of an inadequately secured crane, to respond to complaints that the crane had inadequate ties to the building, to have inspectors adequately assess and determine the crane's

stability, and to recognize that straps utilized in attempting to brace the crane had failed, were sufficient to satisfy the requirement of showing that the contractor's conduct was extreme and outrageous (*Sheila C.*, 11 AD3d at 130-131).

Bernstein and Clarence Kwei have not pleaded a separate cause of action or claimed separate damages for nuisance; instead, they simply use the term "nuisance" in the midst of their other claims, purportedly "in its plain meaning, not as a cause of action but as a measure of damages." On this basis, to the extent they now seem to want a separate claim for nuisance, that aspect of the claim should be dismissed (*see* CPLR 3014; *Sibersky v New York City*, 270 AD2d 209 [2000]). Concur—Gonzalez, P.J., Mazzarelli, Nardelli, Renwick and DeGrasse, JJ.