■ SARA BOSTWICK, Appellant, v CHRISTIAN OTH, INC., et al., Respondents. [936 NYS2d 176]—

The parties' contract unambiguously granted defendants ownership of the copyright in all images created and, further, allowed them to make proofs and previews available to plaintiff to enable her to select photographs for her wedding album. Thus, defendants' only act that plaintiff complains of, i.e., posting the offending photographs on the website, falls squarely within the four corners of the contract (*see Excel Graphics Tech. v CFG/AGSCB 75 Ninth Ave.*, 1 AD3d 65, 69 [2003], *lv dismissed* 2 NY3d 794 [2004]). Plaintiff's e-mailed requests to defendants that they remove the photographs were not a revocation of defendants' right to post the photos. The contract, not plaintiff, was the source of defendants' rights; plaintiff could not revoke a grant of authority she never possessed. Nor was her alleged oral agreement with the photographer valid, in view of the written contract's integration clause explicitly prohibiting oral agreements.

Plaintiff's fraud claim is duplicative of her breach of contract claim (*see Financial Structures Ltd. v UBS AG*, 77 AD3d 417, 419 [2010]). Her claim of negligent infliction of emotional distress is unsupported by reliable proof of either emotional trauma or a threat to her physical safety (*see Bernstein v East 51st St. Dev. Co., LLC*, 78 AD3d 590 [2010]).

Plaintiff's proposed Civil Rights Law §§ 50 and 51 claims are time-barred, pursuant to the first publication rule (*see Nussenzweig v diCorcia*, 9 NY3d 184 [2007]). Plaintiff argues that defendants' continued posting after she requested that the photos be removed constitutes a re-publication or a first unauthorized publication. However, since defendants were within their right to post the photos, and plaintiff had no authority to revoke that right, neither the initial posting, nor the continued posting—even if it were deemed a republication—violated Civil Rights Law §§ 50 and 51. Moreover, defendants were not using plaintiff's photographs "for advertising purposes, or for the purposes of trade" (§ 50); even if they were using the photos for those purposes, they had obtained plaintiff's written consent to do so. Concur—Friedman, J.P., Sweeny, Acosta, Renwick and Abdus-Salaam, JJ. **[Prior Case History: 2010 NY Slip Op 32725(U).]**