■ IRENE DAVID REALTY, INC., et al., Appellants, v DAVID MOYAL et al., Respondents, and 121 VARICK STREET CORP., Nominal Defendant. [967 NYS2d 41]—

Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered March 26, 2012, which denied plaintiffs' motion for partial summary judgment on their first, third and fifth causes of action to the extent based on allegations that defendants engaged in self-dealing in connection with the subleasing of the ground floor premises at 121 Varick Street, unanimously affirmed, with costs.

Plaintiffs, minority shareholders in 121 Varick Street Corp. (Varick), a commercial cooperative corporation, allege that defendant Moyal, as president of the board of directors, engaged in self-dealing and breached his fiduciary duties. Moyal owns

two corporations that lease space on the ground floor of the building. Plaintiffs do not contend that Moyal was improperly involved in the approval of the primary leases between the two Moyal corporations and Varick, or that those leases were otherwise improper. Under the terms of the leases, the Moyal corporations have a right to enter into subleases, subject to board approval, and Varick has no interest in any profits made on such subleases. However, they complain that Moyal improperly participated in the board's vote to approve a sublease between the two corporations and a third party, and that they will reap substantial profits from the sublease, while Varick will not benefit from the sublease at all.

Plaintiffs cite no authority in support of their claim that a commercial cooperative that freely and fairly negotiates the terms of a lease is later entitled to additional rent profits if the lessee enters into a sublease permitted by the lease terms, merely because the sublease must be approved by the cooperative's board. At best, plaintiffs presented evidence that Moyal voted to approve the sublease, even though he had an interest in it. In opposition, defendants submitted evidence showing that the sublease was subsequently ratified by a disinterested director, following full disclosure of Moyal's financial interests, and that the board had a liberal policy of approving subleases and historically had not been involved in the setting of rents on subleases. Plaintiffs thus failed to eliminate any triable issues of fact regarding whether defendants exceeded the protection of the business judgment rule by taking action that "[had] no legitimate relationship to the welfare of the cooperative, deliberately single[d] out individuals for harmful treatment, [was] taken without notice or consideration of the relevant facts, or [was] beyond the scope of the board's authority" (*Matter of Levandusky v One Fifth Ave. Apt. Corp.*, 75 NY2d 530, 540 [1990]; *see also 40 W. 67th St. v Pullman*, 100 NY2d 147, 153 [2003]). To the extent a conflict of interest was involved due to Moyal's interest in the sublease, defendants raised an issue of fact as to whether the sublease was properly ratified and whether the alleged self-dealing resulted in any unfairness to Varick (*see generally Alpert v 28 Williams St. Corp.*, 63 NY2d 557, 570 [1984]; *Simpson v Berkley Owner's Corp.*, 213 AD2d 207 [1st Dept 1995]). Concur—Gonzalez, P.J., Sweeny, Richter and Clark, JJ.