■ Winnie Tsui et al., Appellants, v Katherine Chou et al., Respondents, et al., Necessary Party Defendants. [24 NYS3d 44]—

Order, Supreme Court, New York County (Melvin L. Schweitzer, J.), entered July 10, 2014, which granted defendants-respondents' motion to dismiss the amended complaint, and vacated plaintiffs' notices of pendency, unanimously modified, on the law, to the extent of denying defendants' motion to dismiss the claims for breach of contract, breach of fiduciary duty, and attorneys' fees, and otherwise affirmed, without costs.

The motion court incorrectly determined that plaintiffs' breach of fiduciary duty and breach of contract claims are barred by the business judgment rule. Plaintiffs, suing derivatively on behalf of all unit owners of a condominium, allege in the amended complaint that the Chou defendants

breached their fiduciary duties by, among other things, failing to disclose various lawsuits and defendant Robert Chou's criminal record, failing to account for missing monies and receipts, commingling funds, denying access to information and documentation, and improperly renewing defendant Chou Management's management agreement. Plaintiffs also allege that defendant board members improperly extended their terms on the board beyond the allowable period under the bylaws. There is nothing in the record to indicate that the board discussed or informed themselves as to these allegations. The board's determination not to pursue these claims was arbitrary and therefore not protected under the business judgment rule (*see 40 W. 67th St. v Pullman*, 100 NY2d 147, 157 [2003]). Moreover, even if the board did consider the allegations of improper extension of their terms, any determination on that issue would not be protected under the business judgment rule, as the voting members were clearly self-interested (*see Simpson v Berkley Owner's Corp.*, 213 AD2d 207, 207 [1st Dept 1995]).

There is nothing in the record to indicate that the board discussed or informed themselves as to plaintiffs' breach of contract cause of action, which is based on allegations that, among other things, defendant sponsor breached the offering plan and declaration by refusing to sell condominium units. The board's decision not to pursue these allegations was arbitrary and therefore not entitled to deference under the business judgment rule (*see 40 W. 67th St.*, 100 NY2d at 157).

Plaintiffs may pursue their claim for attorneys' fees to the extent it relates to the breach of contract and breach of fiduciary duty causes of action (*see* Business Corporation Law § 626 [e]).

The motion court correctly dismissed plaintiffs' trespass and constructive trust causes of action. The board's decision not to pursue those claims is entitled to deference under the business judgment rule, because the record shows that the board considered the allegations underlying the claims and that the voting board members did not have an interest in the claims (*see Simpson*, 213 AD2d at 207-208). The notices of pendency, which were based upon the trespass and constructive trust claims, were properly cancelled. Concur—Sweeny, J.P., Renwick, Manzanet-Daniels and Gische, JJ.