Bloom v Westereich (2019 NY Slip Op 04452)





Bloom v Westereich


2019 NY Slip Op 04452


Decided on June 6, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 6, 2019

Friedman, J.P., Kapnick, Gesmer, Oing, Moulton, JJ.


8158 656656/17

[*1]Jennifer Bloom, et al., Plaintiffs-Respondents-Appellants,
v
Adam Westereich, et al., Defendants-Appellants-Respondents.


Morrison Cohen LLP, New York (Y. David Scharf of counsel), for appellants-respondents.
Hunton Andrews Kurth LLP, New York (Patrick L. Robson of counsel), for respondents-appellants.



Order, Supreme Court, New York County (David B. Cohen, J.), entered May 31, 2018, which denied defendants' motion for summary judgment, granted plaintiffs' motion to the extent it sought summary judgment on their declaratory judgment claim, declared that plaintiffs were entitled to cancel the subject contract and directed defendants to return plaintiffs' contract deposit with interest, and denied plaintiffs' motion for sanctions, unanimously affirmed, without costs.
Plaintiffs entered into a contract to buy defendants' cooperative apartment, which was subject to the cooperative board's giving "unconditional consent" to the sale. Either party was entitled to cancel the contract if such unconditional consent was not given by the adjourned closing date, or if "such consent is refused at any time." In the event of such cancellation, "the
Escrowee shall refund the Contract Deposit to Purchaser." The Board twice gave conditional approval, requiring plaintiffs to provide additional financial security. After receipt of the second conditional approval, plaintiffs provided written notice
terminating the contract, in accordance with sections 6.1 and 6.3
of the contract. Defendants contend that the board's issuance of
a conditional approval is not the same as a "refusal" to provide
an unconditional approval, and, therefore, plaintiffs breached
the contract and are not entitled to the return of their deposit.
"[A]greements should be read as a whole to ensure that undue
emphasis is not placed upon particular words and phrases" (Bailey
v Fish & Neave, 8 NY3d 523, 528 [2007]). Under the terms of the subject contract, if unconditional consent is refused, either party, at any time, may cancel the contract. The board made two offers of conditional consent, both of which were rejected by the buyers, and "there is no evidence that the Board would have assented unconditionally" to the sale (Lovelace v Krauss, 60 AD3d 579, 580 [1st Dept 2009], lv denied 12 NY3d 714 [2009]). Therefore, plaintiffs were entitled to cancel the contract and seek the return of their deposit. The board's subsequent issuance of a purported unconditional approval after plaintiffs had terminated was without effect.
The court did not abuse its discretion in denying the motion for sanctions based on [*2]sellers' failure to disclose to the court the full facts concerning the board's belated issuance of the purported unconditional approval (see Watson v City of New York, 157 AD3d 510, 513 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 6, 2019
CLERK