Nainan v 715-723 Sixth Ave. Owners Corp. (2019 NY Slip Op 08351)





Nainan v 715-723 Sixth Ave. Owners Corp.


2019 NY Slip Op 08351


Decided on November 19, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 19, 2019

Gische, J.P., Tom, Kapnick, Kern, Moulton, JJ.


10290 160751/15

[*1] Dan Nainan, et al., Plaintiffs-Respondents,
v
715-723 Sixth Avenue Owners Corp., et al., Defendants-Appellants, 101 West 23 Owners I, LLC, et al., Defendants.


Robert I. Cantor, PLLC, New York (Robert I. Cantor of counsel), for appellants.
Law Office of Andrew M. Wong, New York (Andrew M. Wong of counsel), for respondents.



Order, Supreme Court, New York County (Alan C. Marin, J.), entered on or about May 6, 2019, which denied defendants-appellants' (defendants) motion for summary judgment dismissing the causes of action for breach of fiduciary duty, intentional misrepresentation, and negligent infliction of emotional distress as against them, unanimously modified, on the law, to grant the motion as to the cause of action for negligent infliction of emotional distress, and otherwise affirmed, without costs.
This is a shareholder derivative action in which plaintiffs contend that defendants, who are the coop, five former coop board members, and the former managing agent, failed to act in the shareholders' best interest when they negotiated the coop's apartment building for sale because the board was controlled by an interested director and an individual member of the board received a direct financial benefit from the transaction (see Barbour v Knecht, 296 AD2d 218, 224-225 [1st Dept 2002]).
Defendants rely on the business judgment rule to support summary judgment in their favor. A board's decision is not entitled to protection under the business judgment rule, however, when the action taken "has no legitimate relationship to the welfare of the cooperative, deliberately singles out individuals for harmful treatment, is taken without notice or consideration of the relevant facts, or is beyond the scope of the board's authority" (see Matter of Levandusky v One Fifth Ave. Apt. Corp., 75 NY2d 530, 5408 [1990]). Although defendants contend that they did not breach their fiduciary duties, that they did not engage in any wrongdoing, and that their actions are protected by the business judgment rule, there are issues of fact that preclude summary dismissal of the breach of fiduciary duty claim on that basis (Levandusky at 538).
Plaintiffs argue that the board ignored the coop's bylaws by deciding to enter into a contract for the sale of the coop without obtaining shareholder approval and that the board members used scare tactics to force the shareholders into agreeing to sell the coop. Plaintiffs contend shareholders were prohibited from selling their apartments while two of the board members were permitted and proceeded to sell theirs. Plaintiffs claim that the board failed to negotiate the best possible price for the sale. Moreover, plaintiffs allege that one director acted as the broker for the transaction, thereby obtaining an independent financial benefit from the transaction, a fact that was not disclosed to the shareholders. These facts raise issues regarding whether defendants acted outside the scope of their authority and were motivated by factors other than the interest of the coop corporation (see Woo v Irving Tenants Corp., 276 AD2d 380 [1st Dept 2000]).
Issues of fact preclude summary dismissal of the intentional misrepresentation claim based on defendants' intentional concealment from plaintiffs of the fact that they were marketing [*2]all of the shares of the cooperative (see American Baptist Churches of Metro. N.Y. v Galloway, 271 AD2d 92, 100 [1st Dept 2000]). We reject defendants' argument that they had no duty to disclose that fact to shareholders who, for example, sought board approval of planned renovations to their units. In addition to the evidence that defendants intentionally concealed a material fact, plaintiffs presented evidence that certain of them relied on the board members' representations that the cooperative's land lease was not in jeopardy and that those plaintiffs suffered damages as a result of their reliance (see Swersky v Dreyer & Traub, 219 AD2d 321, 326 [1st Dept 1996], appeal withdrawn 89 NY2d 983 [1997]). Whether plaintiffs' reliance was reasonable and what damages, if any, plaintiffs sustained as a result of the board members' failure to disclose a material fact are issues for the trier of fact.
The cause of action for negligent infliction of emotional distress should be dismissed, because plaintiffs' only evidence with respect to this claim is plaintiff Victoria Mezzich's affidavit, which describes conduct that, while likely very upsetting to her and not to be condoned, as a matter of law, did not cause her to fear for her safety (see Bernstein v E. 51st St.
Dev. Co., LLC, 78 AD3d 590, 591 [1st Dept 2010]).
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 19, 2019
DEPUTY CLERK