Plotch v 435 E. 85th St. Tenants Corp. (2020 NY Slip Op 06003)





Plotch v 435 E. 85th St. Tenants Corp.


2020 NY Slip Op 06003


Decided on October 22, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 22, 2020

Before: Friedman, J.P., Kern, Scarpulla, Shulman, JJ. 


Index No. 157881/17 Appeal No. 12139-12139A Case No. 2018-5126 

[*1]Adam Plotch, Individually and as Assignee of Stephen Plotch, et al. Plaintiffs-Appellants,
v
435 East 85th Street Tenants Corp., et al., Defendants-Respondents. Ralph Karow, Defendant.


Adam Plotch, appellant pro se.
Braverman Greenspun P.C., New York (Tracy Peterson of counsel), for 435 East 85th Street Tenants Corp., and Halstead Management Company, LLC, respondents.
McCalla Raymer Leibert Pierce, LLC, New York (Brian P. Scibetta of counsel), for JP Morgan Chase Bank, N.A., respondent.



Order, Supreme Court, New York County (Robert D. Kalish, J.) , entered October 16, 2018, which dismissed the complaint and denied leave to amend, and order, same court and Justice, entered on or about July 3, 2019, which de facto granted reargument and upon reargument, adhered to its original decision, unanimously affirmed, with costs.
Plaintiff Adam Plotch was the winning bidder at a foreclosure auction by the lender, defendant JP Morgan Chase Bank, NA (Chase) on the shares associated with apartment GB9 in the cooperative apartment building operated by defendant 435 East 85th Street Tenants Corp. (the cooperative) and managed by defendant Halstead Management Company (Halstead). Under the terms of sale to which plaintiff agreed with Chase for the purchase of the shares for the apartment:
"The purchase of the collateral is made subject to paragraph 17 . . . of the proprietary lease, the debtor's interest of which is to be transferred hereunder. The purchaser acknowledges that it is his/her responsibility to comply with all requirements of the said proprietary lease, including but not limited to paragraph 17."
Paragraph 17 of the proprietary lease provided that upon a default, the lender could sell the shares "to a reputable person of good financial standing subject only to the approval of the then managing agent of the Lessor, which approval shall not be unreasonably withheld." Similarly, the recognition agreement between the cooperative and Chase stated that Chase "SHALL HAVE NO RIGHT OR POWER TO TRANSFER THE APARTMENT UPON FORECLOSURE OR OTHERWISE EITHER TO [Chase] OR ANYONE ELSE WITHOUT [the cooperative's] APPROVAL AS REQUIRED BY THE LEASE."
Although Halstead initially approved the transfer to plaintiff, it eventually rescinded its approval before the closing, in light of plaintiff's history of litigation arising from his purchase of cooperative apartments at foreclosure sales. This action ensued, and defendants moved to dismiss plaintiff's causes of action seeking a declaration that plaintiff is entitled to the transfer of the shares and proprietary Lease, specific performance of same, damages for breach of the covenant of good faith and fair dealing, damages for breach of contract, and attorneys' fees. Plaintiff cross-moved to amend the complaint to add a cause of action for tortious interference with contract against the cooperative and Halstead. 
The motion court properly dismissed the complaint insofar as asserted against the cooperative and Halstead based on the longstanding precedent in this Department that a contract vendee has no standing to enforce a cooperative proprietary lease provision (Woo v Irving Tenants Corp., 276 AD2d 380 [1st Dept 2000]; Aridas v 244 E. 60th St. Owners Corp., 292 AD2d 325, 326 [1st Dept 2002]; Pober v Columbia 160 Apts. Corp., 266 AD2d 6 [1st Dept 1999]).
The complaint insofar as asserted against Chase was also properly dismissed because plaintiff did not plead facts demonstrating that Chase owed a duty to compel the cooperative or Halstead to accept plaintiff as purchaser or breached the terms of sale.
As for plaintiff's argument that he was entitled to leave to amend under CPLR 3025(a) and CPLR 3211(f) while defendants' motions to dismiss were pending, plaintiff elected to move under CPLR 3025(b), and in any event, the motion court properly determined that the tortious interference alleged was merely the denial of plaintiff's purchase application, an option which was contemplated in the terms of sale (Levine v Yokell, 245 AD2d 138, 139 [1st Dept 1997]). Likewise, plaintiff's argument that the court should not have dismissed the complaint based on standing because defendants did not specifically move under CPLR 3211(a)(3) lacks merit (Dean R. Pelton Co. v Moundsville Shopping Plaza, 173 AD2d 201, 201 [1st Dept 1991]).
We further find that plaintiff's contention that Uniform Commercial Code § 9-407 prohibits a proprietary lease from containing a clause like Paragraph 17 that restricts transfers of leases is without merit. UCC 9-407(a) renders a lease term ineffective to the extent that it "prohibits, restricts, or requires the consent of a party to the lease to the assignment or transfer of, or the creation, attachment, perfection, or enforcement of a security interest in, an interest of a party under the lease contract . . . ." Nothing in this provision or the comments prohibits a provision in the terms of sale from requiring approval by the cooperative's managing agent before transferring the (proprietary) lease (LI Equity Network, LLC v Village in the Woods Owners Corp. (79 AD3d 26 [2d Dept 2010]). We have considered plaintiff's remaining contentions and find them unavailing.
The motion court properly adhered to its original determination upon reargument.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 22, 2020