Silverman v Park Towers Tenants Corp. (2022 NY Slip Op 03581)





Silverman v Park Towers Tenants Corp.


2022 NY Slip Op 03581


Decided on June 02, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 02, 2022

Before: Manzanet-Daniels, J.P., Kapnick, Shulman, Rodriguez, Higgitt, JJ. 


Index No. 655867/20 Appeal No. 16061 Case No. 2021-04525 

[*1]Robert Silverman et al., Plaintiffs,
v
Park Towers Tenants Corp., Defendant, Danielle Toussie et al., Defendants-Respondents. Mei Yee Mak, Counterclaim Defendant-Appellant.


Schlam Stone & Dolan LLP, New York (Erik Groothuis of counsel), for appellant.
Warshaw Burstein, LLP, New York (Bruce H. Wiener of counsel), for respondents.



Order, Supreme Court, New York County (Barbara Jaffe, J.), entered on or about November 23, 2021, which denied the motion of nonparty appellant-additional defendant on the counterclaims Mei Yee Mak to dismiss the counterclaims interposed against her by defendants Michael Toussie, Deborah Toussie, and Danielle Toussie (Danielle, and together with Michael Toussie and Deborah Toussie, the Toussies) for failure to state a cause of action, unanimously modified, on the law, to dismiss the counterclaim for negligent infliction of emotional distress, and otherwise affirmed, without costs.
Accepting as true the allegations in the counterclaims, as we must on a motion to dismiss, the Toussies sufficiently pleaded a cause of action for intentional infliction of emotional distress. The counterclaims allege a three-year pattern of conduct in which Mak, in concert with plaintiffs, engaged in a deliberate, systematic, and malicious campaign of harassment and intimidation against Danielle by obtaining unauthorized access to her private Instagram account, accosting her in building common areas and yelling at her, taking photographs of her without permission, and making false noise complaints about her to the co-op. Further, the Toussies assert that Mak's behavior constituted a calculated effort to pressure the co-op board to terminate their proprietary lease and have Danielle evicted. These allegations, considered cumulatively, are on a par with those that have been found to satisfy the outrageousness requirement necessary to plead intentional infliction of emotional distress (see Shannon v MTA Metro-N. R.R., 269 AD2d 218, 219 [1st Dept 2000]; Green v Fischbein Olivieri Rozenholc & Badillo, 119 AD2d 345, 350 [1st Dept 1986]).
Furthermore, the Toussies sufficiently stated a basis for a permanent injunction by asserting that Mak has continued to violate their right to quiet and peaceful use of the apartment and that monetary damages will be insufficient to redress the serious and irreparable harm that would flow from the loss of Danielle's home (see Errant Gene Therapeutics, LLC v Sloan-Kettering Inst. for Cancer Research, 174 AD3d 473, 476 [1st Dept 2019]).
However, Supreme Court should have dismissed the Toussies' counterclaim against Mak for negligent infliction of emotional distress, as the Toussies did not allege that Mak owed them any duty (see Bernstein v East 51 Street Development Co. LLC, 78 AD3d 590, 591 [1st Dept 2010]). Nor does the counterclaim sufficiently allege that Mak unreasonably endangered Danielle's physical safety or caused her to fear for her physical safety, as is necessary to sustain the cause of action; at most, the counterclaim alleges that Mak's actions were traumatic for Danielle (see Waterbury v New York City Ballet, Inc., __AD3d__, 2022 NY Slip Op 02890 [1st Dept 2022]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 2, 2022