■ In the Matter of NIAGARA MOHAWK POWER CORPORATION, Appellant, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION et al., Respondents.—Mercure, J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered August 11, 1989 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Department of Environmental Conservation granting respondent Long Lake Energy Corporation's request for disclosure.

Petitioner is licensed to operate a hydroelectric power plant on the Hudson River at the Village of Hudson Falls, Washington County, and has an application pending with the Federal Energy Regulatory Commission for a license to redevelop and continue operation of its facility. In connection with the application process, respondent Department of Environmental Conservation (hereinafter DEC) required tests of the location and content of sediment on the bed of the Hudson River upstream of the existing Hudson Falls dam. Petitioner performed the required tests, a task which it could accomplish only because of its ability to manipulate the flow of the Hudson River through upstream hydroelectric facilities, and filed the report of test results with DEC. Petitioner requested that the report be exempted from disclosure under the Freedom of Information Law (Public Officers Law art 6; hereinafter FOIL) upon the ground that it was a "compilation of information that is not published or divulged and which gives [petitioner] an advantage over competitors who do not know, use or have access" to the information contained therein (6 NYCRR 616.7 [c] [2] [v] ).

Respondent Long Lake Energy Corporation (hereinafter Long Lake), which has filed a competing application to develop a hydroelectric plant at the same site, made a request for access to the report under FOIL. The FOIL application was ultimately granted following administrative review, a CPLR article 78 proceeding and Supreme Court's remittal of the matter to DEC. Petitioner then commenced this proceeding to annul DEC's determination. Supreme Court granted judgment in favor of respondents dismissing the petition and vacated a

prior order restraining disclosure of the report pending the final determination of the proceeding. Petitioner appealed to this court, but did not make application for a stay pending appeal. Following Supreme Court's vacatur of the restraining order, DEC released the report to Long Lake.

There is no question that the release of the report to Long Lake has rendered this appeal moot. It is petitioner's contention, however, that the issue presented here falls within the exception to the mootness doctrine *(see, Matter of Hearst Corp. v Clyne,* 50 NY2d 707). We disagree. The ultimate issue, whether a report of data which petitioner was able to obtain only because of its monopolistic advantage constitutes a "trade secret" within the purview of Public Officers Law § 87 (2) (d) and 6 NYCRR 616.7 (c) (2) (v), does not strike us as particularly significant or one which would be expected to typically evade review *(see, Matter of Hearst Corp. v Clyne, supra,* at 714-715). Moreover, by neglecting to seek injunctive relief during the pendency of this appeal, petitioner may have itself caused the appeal to become moot *(see, Matter of Serafin v Wallace,* 117 AD2d 926; *Matter of Friends of Pine Bush v Planning Bd.,* 86 AD2d 246, 247-248, *affd* 59 NY2d 849). Accepting petitioner's contention that the issue is likely to recur, if, upon such a recurrence, petitioner is unsuccessful in its effort to exempt the material from disclosure, it may seek a stay pending appeal. If the application for a stay is granted, mootness will have been prevented. Alternatively, denial of the application would strengthen petitioner's argument that the issue typically evades review.

Appeal dismissed, as moot, without costs. Mahoney, P. J., Weiss, Levine, Mercure and Harvey, JJ., concur.