■ PATTI SCHMIDT, Respondent, v ROBERT C. MAIORINO et al., Appellants. [619 NYS2d 139] —In an action, *inter alia,* to recover damages for alleged acts of sexual harassment, the defendants appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Suffolk County (Seidell, J.), dated April 29, 1993, as granted the plaintiffs' discovery motion to the extent that it directed the defendants to provide responses to the plaintiff's interrogatories numbered 5 and 21, and as denied so much of the defendants' cross motion as sought the dismissal of the plaintiff's third cause of action.

Ordered that the appeal from so much of the order as compelled the defendants to respond to interrogatories numbered 5 and 21 is dismissed as academic; and it is further,

Ordered that the order is reversed insofar as appealed from and reviewed, on the law, the cross motion is granted, and the third cause of action is dismissed; and it is further,

Ordered that the defendants are awarded one bill of costs.

The plaintiff worked for the defendant Robert C. Maiorino, a dentist, in various capacities, on and off, since 1975. During virtually all of this period of employment, the parties were engaged in a sexual relationship. In 1991, Maiorino terminated the plaintiff's employment, allegedly as a result of her refusals to continue their relationship.

By her third cause of action, the plaintiff sought to impress a constructive trust upon certain assets held by the defendants. Contrary to the determination of the Supreme Court, however, the plaintiff has failed to establish her entitlement to this equitable relief. To the extent that the plaintiff seeks a constructive trust over her pension account, such relief is unnecessary. Maiorino acknowledges that the plaintiff has a vested right to benefits of almost $50,000, but pursuant to the terms of the pension plan, such benefits will not be payable to the plaintiff until she attains age 65. As the plaintiff has not demonstrated that she is entitled to an immediate distribution of her pension, she has not established that the defendants are wrongfully withholding her property in this regard, and thus equity does not demand the imposition of a constructive trust *(see,* 106 NY Jur 2d, Trusts, § 152).

To the extent that the plaintiff seeks a constructive trust over future percentage bonuses allegedly orally promised by

Maiorino in 1989, her claim is at most a breach of an oral agreement which cannot be performed within one year *(see, Zupan v Blumberg,* 2 NY2d 547), the enforcement of which is barred by the Statute of Frauds (General Obligations Law § 5-701 [a] [1]; *see, Tutak v Tutak,* 123 AD2d 758).

To the extent that the defendants appeal from the portion of the court's order directing them to respond to the plaintiff's interrogatories numbered 5 and 21, the appeal is dismissed as academic, since the defendants served the requested responses. Ritter, J. P., Santucci, Friedmann and Goldstein, JJ., concur.