■ JOSEPH MERENDA et al., Respondents, v KENNETH M. LISI et al., Appellants. [664 NYS2d 471] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Nassau County (Lally, J.), dated May 1, 1996, which denied their motion for a protective order and to quash a subpoena served upon a nonparty witness.

Ordered that the appeal is dismissed as academic, with costs.

The defendants' motion sought, in effect, to prevent the taking of a second deposition of a nonparty witness. Inasmuch as a stay was not obtained, and the second deposition has since taken place, the appeal is dismissed as academic (*see, People ex rel. Smalls v Tekben,* 193 AD2d 828; *Matter of Niagara Mohawk Power Corp. v New York State Dept. of Envtl. Conservation,* 169 AD2d 943). Bracken, J. P., Pizzuto, Altman and Krausman, JJ., concur.

■ CAROL MOWCZAN, Plaintiff, v JAMES E. BACON et al., Defendants, and JOHN J. BENEDETTO et al., Defendants and Third-Party Plaintiffs-Appellants. MAERSK CONTAINER INC./ MAERSK INC., Third-Party Defendant-Respondent. [665 NYS2d 936] —In an action to recover damages for personal injuries, etc., the defendants third-party plaintiffs John J. Benedetto and Haven Transportation, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Oshrin, J.), dated January 7, 1997, as granted the motion of the third-party defendant Maersk Container Inc./ Maersk Inc. for summary judgment dismissing the third-party complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly determined that the third-party defendant was not liable for contribution under Vehicle and Traffic Law § 388 (*see, Rodriguez v Yosi Trucking,* 151 AD2d 556). Furthermore, the record does not support any other basis for a contribution claim against the third-party defendant. Santucci, J. P., Joy, Friedmann and Luciano, JJ., concur.