■ KOSTA J. MOUSTAKAS et al., Appellants, v JAMES K. NOBLE, III, et al., Respondents, et al., Defendant. [686 NYS2d 778] —In an action, inter alia, to recover damages for discrimination in housing under the New York State Human Rights Law, the plaintiffs appeal from an order of the Supreme Court,

Westchester County (Nastasi, J.), entered January 14, 1998, which granted that branch of the motion of the defendants James Kendrick Noble, III, Karen Upton Noble, and Battle Fowler, L. L. P., which was for summary judgment dismissing the second and fourth causes of action in the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The court properly granted that branch of the motion of the respondents (hereinafter the sellers) which was for summary judgment dismissing the second and fourth causes of action insofar as asserted against them. The plaintiffs failed to provide any evidence that the sellers' "actions could be found to have been a participating or contributing cause of the withholding of [the Cooperative Board's] consent" to the plaintiffs' purchase application of a cooperative unit at the defendant Midland Gardens Owners, Inc. (hereinafter Midland Gardens) (*Sanders v Winship,* 57 NY2d 391, 397). Similarly, the plaintiffs failed to adduce any evidence of an agency relationship between the sellers and Midland Gardens. The Terms and Conditions on Sales of Cooperative Apartments (hereinafter Terms and Conditions) included with the contract of sale indicated only that Midland Gardens would act as an agent of the sellers for the limited purpose of listing the apartment for resale at the request of the sellers. Midland Gardens expressly maintained an independent right of approval in both the Terms and Conditions and the contract of sale. Accordingly, Midland Gardens was not acting as an agent of the sellers during the approval process (*cf., Matter of State Div. of Human Rights v Muia,* 176 AD2d 1142).

Further, the court properly dismissed the plaintiffs' claim for a refund of their deposit money. The terms of the contract allowed the sellers to retain the deposit money in the event of the plaintiffs' "bad faith". The plaintiffs submitted contradictory financial documentation to the Cooperative Board and refused to submit further documentation, including a certified or audited financial statement or an appraisal of the value of stock certificates they had submitted to the Board. The plaintiffs then withdrew their application three months prior to the closing date. Accordingly, they exhibited the requisite bad faith and are not entitled to a return of their deposit money. Santucci, J. P., Joy, Friedmann and Goldstein, JJ., concur.