■ KOSTA J. MOUSTAKAS et al., Appellants, v JAMES K. NOBLE III et al., Respondents. [708 NYS2d 902] —In an action, *inter alia*, pursuant to the New York State Human Rights Law (*see,* Executive Law § 296) to recover damages for discrimination in housing, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Nastasi, J.), entered April 19, 1999, which granted the motion of the defendants James Kendrick Noble III, Karen Upton Noble, and Battle

Fowler, L. L. P., in effect, for summary judgment dismissing the first cause of action insofar as asserted against them, and the motion of the defendant Midland Gardens Owners, Inc., in effect, for summary judgment dismissing the second and third causes of action insofar as asserted against it.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

By order entered January 14, 1998, the Supreme Court granted summary judgment to the defendants James Kendrick Noble III, Karen Upton Noble, and Battle Fowler, L. L. P., dismissing the second and fourth causes of action insofar as asserted against them. On appeal, this Court affirmed (see, *Moustakas v Noble,* 259 AD2d 602). Those defendants then moved, in effect, for summary judgment dismissing the first cause of action insofar as asserted against them. The defendant Midland Gardens Owners, Inc., moved, in effect, for summary judgment dismissing the second and third causes of action insofar as asserted against it. The Supreme Court properly determined that based upon the findings of fact and conclusions of law in its prior order, the remaining causes of action against all of the defendants must be dismissed as having necessarily been decided (see, *Gilberg v Barbieri,* 53 NY2d 285; *Gramatan Home Investors Corp. v Lopez,* 46 NY2d 481; *Matter of Reilly v Reid,* 45 NY2d 24).

The plaintiffs' remaining contentions are without merit. S. Miller, J. P., Friedmann, Florio and Smith, JJ., concur.