■ ROMARO CORP. et al., Respondents, v SEA & SKY GARDEN, INC., et al., Appellants. [757 NYS2d 771] —In an action, inter alia, for a judgment declaring that the plaintiffs did not breach a contract with the defendants, the defendants appeal, as limited by their brief, from stated portions of an order of the Supreme Court, Kings County (Cammer, J.), dated May 1, 2002, which, inter alia, granted the plaintiffs' motion to direct them to file a subdivision application and denied that branch of their motion which was to quash and/or modify a subpoena duces tecum.

Ordered that the appeal is dismissed as academic, with costs.

The Supreme Court directed the defendants to file a subdivision application and, in effect, denied that branch of the defendants' motion which was to prevent the plaintiffs from taking the deposition of Steven Levine and obtaining certain documents. No stay of this order was obtained, and the defendants have since filed the subdivision application, and produced Levine and the relevant documents pursuant to the subpoena duces tecum. Under these circumstances, the relief sought by the defendants is no longer available and any determination by this Court will not affect the rights of the parties with respect to this action (*cf. Matter of Grand Jury Subpoenas for Locals 17, 135, 257 & 608 of United Bhd. of Carpenters & Joiners of Am., AFL-CIO [People],* 72 NY2d 307, 311 [1988], *cert denied* 488 US 966 [1988]). The present circumstances do not warrant application of an exception to the mootness doctrine (*see Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 714-715 [1980]; *Matter of Congregation Bnei Yoel v Monroe-Woodbury Cent. School Dist.,* 258 AD2d 582; *People ex rel. Smalls v Tekben,* 193 AD2d 828 [1993]). Accordingly, the appeal must be dismissed as academic. Santucci, J.P., Krausman, Crane and Mastro, JJ., concur.