■ EQUICREDIT CORPORATION OF AMERICA, Respondent, v ARMANDO CABRERO, Appellant, et al., Defendants. [795 NYS2d 53]—

In an action to foreclose a mortgage on real property, the defendant Armando Cabrero appeals from an order of the Supreme Court, Queens County (D. Goldstein, J.), dated November 17, 2003, which denied his motion to stay the foreclosure sale of certain real property.

Ordered that the appeal is dismissed as academic, with costs.

The appellant moved by order to show cause to stay the foreclosure sale of certain real property. The foreclosure sale was not stayed pending the hearing and determination of the motion, and the subject property was sold on August 1, 2003. The stay contained in the order to show cause, preventing the referee from transferring the deed to the purchaser, expired upon determination of the motion by order dated November 17, 2003, denying the stay of the foreclosure sale. Thus, the relief sought by the appellant in his order to show cause is no longer available and a reversal of the order denying his motion to stay the foreclosure sale will not affect his rights (*see 405 44th St. Realty Co. v 168 Fortune Realty,* 14 AD3d 481 [2005]; *NYCTL 1998-2 Trust v Equitable Funding Corp.,* 301 AD2d 506, 507 [2003]; *Congregation Bnei Yoel v Monroe-Woodbury Cent. School Dist.,* 258 AD2d 582 [1999]; *Matter of Vetri,* 208 AD2d 755 [1994]). The matter does not otherwise warrant invoking an exception to the mootness doctrine (*see Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 714 [1980]; *405 44th St. Realty Co. v 168 Fortune Realty, supra; NYCTL 1998-2 Trust v Equitable Funding Corp., supra*).

The appellant's request to vacate the foreclosure sale is not properly before this Court.

In view of the foregoing, we do not address the parties' remaining arguments. Adams, J.P., Santucci, Goldstein and Crane, JJ., concur.