■ Daniel W. Asher, Appellant, v Joseph J. Gigante et al., Respondents. [800 NYS2d 642]—

In an action for specific performance of an alleged oral contract for the conveyance of real property, the plaintiff appeals from an order of the Supreme Court, Nassau County (Roberto, J.), dated September 30, 2004, which, inter alia, granted the defendants' cross motion to dismiss the complaint as barred by the statute of frauds and to vacate the notice of pendency filed against the subject property.

Ordered that the appeal is dismissed as academic, without costs or disbursements.

The plaintiff commenced this action for specific performance of an alleged oral agreement to convey certain real property to him. Although the alleged agreement was subject to the writing requirement found in General Obligations Law § 5-703 (3), the plaintiff nevertheless contended that he was entitled to specific performance based on his claim that his part performance was unequivocally referable to the alleged agreement to convey (*see* General Obligations Law § 5-703 [4]). The Supreme Court disagreed and, inter alia, granted the cross motion to dismiss the complaint and to vacate the notice of pendency filed against the subject property.

The plaintiff appealed but did not seek a stay of enforcement of the order pending appeal. Thereafter, during the pendency of this appeal, the subject real property was sold to a nonparty and the plaintiff concedes that the remedy sought is no longer available. Given these circumstances, the rights of the parties would not be directly affected by the resolution of this appeal, and this matter does not otherwise warrant invoking an exception to the mootness doctrine (*see Matter of Hearst Corp. v Clyne*, 50 NY2d 707 [1980]; *Equicredit Corp. of Am. v Cabrero*, 17 AD3d 520 [2005]). Accordingly, the appeal has been rendered academic and dismissal is appropriate (*see Romaro Corp. v Sea & Sky Garden*, 304 AD2d 742 [2003]; *Matter of Congregation Bnei Yoel v Monroe-Woodbury Cent. School Dist.*, 258 AD2d 582; *Matter of Vetri*, 208 AD2d 755 [1994]). Cozier, J.P., S. Miller, Mastro and Rivera, JJ., concur.