■ In the Matter of ROGER W. DAWSON, Appellant, v SUSAN H. WILEY, Respondent. [827 NYS2d 246]—

In a proceeding pursuant to CPLR article 75, inter alia, to compel mediation and arbitration under an agreement between the parties, the petitioner appeals from an order of the Supreme Court, Westchester County (Donovan, J.), entered July 6, 2005, which denied the petition and dismissed the proceeding.

By decision and order on motion of this Court dated May 3, 2006, the parties were, inter alia, directed to show cause before this Court why an order should or should not be made and entered dismissing the above-entitled appeal on the ground that the appeal had been rendered academic by an order of the Family Court, Westchester County (Jordan, S.M.), dated July 11, 2005. By decision and order on motion of this Court dated June 14, 2006, the order to show cause to dismiss the appeal was held in abeyance and referred to the Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in response to the order to show cause, and upon the argument of the appeal, it is

Ordered that the motion to dismiss the appeal is granted; and it is further,

Ordered that the appeal is dismissed as academic, without costs or disbursements.

In response to a proceeding commenced by the former wife in the Family Court, Westchester County, to enforce the child support provisions set forth in a separation agreement incorporated but not merged in the parties' judgment of divorce, the petitioner former husband commenced this proceeding, inter alia, to stay the Family Court proceeding and to instead compel mediation and arbitration of the former wife's enforcement petition pursuant to other provisions of that separation agreement. The Supreme Court denied the former husband's petition and dismissed the proceeding. Shortly thereafter, the Family Court dismissed the former wife's enforcement proceeding on unrelated grounds. At or about the same time, the former husband appealed from the dismissal of his proceeding.

Given the foregoing circumstances, the rights of the parties would not be directly affected by the resolution of this appeal, since the Family Court enforcement proceeding which the former husband challenges on this appeal has already been dismissed by the Family Court. Accordingly, this appeal has been rendered academic, and dismissal is appropriate (*see Matter of Hearst Corp. v Clyne*, 50 NY2d 707 [1980]; *Asher v Gigante*, 21 AD3d 916 [2005]; *Romaro Corp. v Sea & Sky Garden*, 304 AD2d 742 [2003]; *Matter of Congregation Bnei Yoel v Monroe-Woodbury Cent. School Dist.*, 258 AD2d 582; *Merenda v Lisi*, 244 AD2d 535 [1997]). Prudenti, P.J., Krausman, Mastro and Rivera, JJ., concur.