(December 30, 2008)

DANIEL S. ALTER, Appellant, v RICHARD H. LEVINE et al., Respondents. [870 NYS2d 464]—

Pursuant to the terms of the subject contract, in the event the cooperative board (hereinafter the board) refused to approve the defendants' purchase of the apartment in question, the defendants were entitled to the return of their escrowed down payment, unless the board's refusal was due to the defendants' bad faith. The complaint, which, among other

things, seeks a judgment declaring that the plaintiff is entitled to retain the defendants' down payment, alleges that "the defendants in bad faith submitted data to the [board] which data and statements contained misrepresentations, were falsehoods, or were otherwise unsubstantiated and as a result of said bad faith submission by the defendants, the [board] refused to consent to the sale of the Apartment."

Upon the defendants' prima facie showing of entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact (see *Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]) as to whether the board's refusal to approve the defendants' purchase of the apartment was attributable to the defendants' bad faith. Rather, the purported factual issues suggested by the plaintiff were no more than " '[b]ald conclusory assertions, [which] even if believable, [were] not enough' to defeat a motion for summary judgment" (*S.J. Capelin Assoc. v Globe Mfg. Corp.,* 34 NY2d 338, 342 [1974], quoting *Ehrlich v American Moninger Greenhouse Mfg. Corp.,* 26 NY2d 255, 259 [1970]; *see Parisi Enters. Inc. Profit Sharing Trust v Settimo,* 198 AD2d 272, 273 [1993]; *Mlcoch v Smith,* 173 AD2d 443, 444 [1991]; *cf. Moustakas v Noble,* 259 AD2d 602, 603 [1999]).

In the absence of any evidence that the board's rejection of the defendants' application was due to bad faith on the part of the defendants, the Supreme Court properly found that the defendants were entitled to the return of their down payment pursuant to the parties' contract.

As a second ground for declaring that the plaintiff was entitled to retain the down payment, the complaint alleges that a letter sent by the defendants' attorney to the plaintiff's attorney on May 16, 2006 constituted an anticipatory repudiation of the contract in that it sought to change certain carrying-cost and time-of-the-essence provisions. The plaintiff contends that, notwithstanding the board's ultimate rejection of the defendants' application, he is entitled to retain the down payment because the defendants announced their intention to breach the contract before the contract was rendered impossible to perform.

The Supreme Court correctly rejected this argument. Inasmuch as the board's refusal to approve the defendants' application rendered performance of the contract an impossibility, the issue of whether the defendants anticipatorily repudiated the contract is academic. " 'Impossibility on the part of a promisor occurring after he has committed a breach does not ordinarily discharge him, but it will do so if the breach consists merely of an anticipatory repudiation' " (*Millgard Corp. v E.E. Cruz/Nab/*

*Fronier-Kemper,* 2004 WL 1900359, *7, 2004 US Dist LEXIS 16882, *20 [SD NY 2004], quoting Restatement [First] of Contracts § 457, Comment *d*). Accordingly, the plaintiff is not entitled to retain the down payment, even if the defendants had anticipatorily repudiated the contract.

The Supreme Court properly denied that branch of the plaintiff's cross motion which was to impose a sanction upon the defendants for allegedly frivolous conduct in refusing to withdraw one of their counterclaims (*see Winski v Kane,* 33 AD3d 697 [2006]). Skelos, J.P., Santucci, McCarthy and Dickerson, JJ., concur.