■ In the Matter of OANA ABIDI, Respondent, v OCTAVIAN ANTOHI, Respondent. SYED ABIDI, Nonparty Appellant. [873 NYS2d 638]—In a child support proceeding pursuant to Family Court Act article 4, Syed Abidi, the mother's husband, appeals, by permission, as limited by his brief, from so much of an order of the Family Court, Nassau County (Greenberg, J.), dated March 14, 2008, as denied the mother's cross motion to quash judicial subpoenas duces tecum served upon him by the father and

directed him to fully comply with the judicial subpoenas duces tecum dated November 6, 2007, December 11, 2007, and January 2, 2007, respectively.

Ordered that the appeal is dismissed as academic, without costs or disbursements.

In 2007 the mother and father filed separate petitions seeking, inter alia, to modify the provisions of a 1999 child support order. In connection with the support proceedings, the father served judicial subpoenas duces tecum on the mother's husband, the nonparty appellant Syed Abidi, seeking business records related to the appellant's medical practice. By order dated March 14, 2008, the Family Court, inter alia, directed the appellant to fully comply with three of the subpoenas, concluding that the records sought were relevant on the issue of child support. The appellant moved for leave to appeal and to stay enforcement of the order dated March 14, 2008, and this Court granted his motion. In the interim, the Family Court support hearing was completed, and on May 5, 2008 a Support Magistrate issued orders dismissing the father's petition and granting the mother's petition for an upward modification of the father's support obligation. The father's objections to the Support Magistrate's orders were subsequently denied by the Family Court.

On appeal the father concedes that production of the business records he subpoenaed while the support proceedings were still pending would no longer serve a useful purpose. Furthermore, since the support proceedings have now concluded, the rights of the parties will not be directly affected by the resolution of this appeal. Accordingly, this appeal has been rendered academic, and dismissal of the appeal is appropriate (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]; Matter of King v Jackson, 52 AD3d 974, 975 [2008]; Matter of Dawson v Wiley, 35 AD3d 735, 736 [2006]; Matter of Bayville Fire Co. No. 1 v New York State Dept. of Labor, 173 AD2d 540 [1991]). Skelos, J.P., Dillon, McCarthy and Eng, JJ., concur.