JOSEPH F. MOUNESSA, Appellant, v PROMENADE HOLDING CORP., Respondent, et al., Defendant. [904 NYS2d 488]—

In an action, inter alia, to recover a down payment on a contract for the purchase of proprietary shares of a cooperative apartment corporation, the plaintiff appeals from an order of the Supreme Court, Nassau County (Mahon, J.), dated June 30, 2009, which denied his motion for summary judgment on the complaint and granted the cross motion of the defendant Promenade Holding Corp. for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the cross motion of the defendant Promenade Holding Corp. for summary judgment dismissing the complaint insofar as asserted against it and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed, without costs or disbursements.

On February 29, 2008 the plaintiff and the defendant Promenade Holding Corp. (hereinafter Promenade) entered into a contract for the sale of proprietary shares of a cooperative apartment corporation. Pursuant to the terms of that contract, the

plaintiff made a down payment in the sum of $30,000. He was also required to submit an application to purchase the shares to the cooperative board (hereinafter the Board), in good faith. The sale was subject to the approval of the Board. In the event the Board denied the plaintiff's application, the plaintiff was entitled to the return of his down payment, unless the Board's denial was due to the plaintiff's "bad faith conduct."

On or about March 11, 2008 the plaintiff submitted an application to the Board. Although the application required the plaintiff to "list all outstanding debts," he failed to disclose that he was obligated to repay a mortgage loan on a particular property he owned.

After interviewing the plaintiff, the Board rejected the plaintiff's application. The plaintiff then commenced this action to recover the $30,000 down payment, held in escrow by the defendant Hauser & Associates, P.C.

The plaintiff moved for summary judgment on the complaint, arguing that he was entitled to the return of his down payment based upon the Board's denial of his application. Promenade cross-moved for summary judgment dismissing the complaint insofar as asserted against it, contending that it was entitled to retain the down payment because the plaintiff acted in bad faith by, inter alia, failing to disclose the mortgage loan obligation in his application. The Supreme Court denied the plaintiff's motion and granted Promenade's cross motion, finding that the plaintiff did not act in good faith in relation to the transaction and, therefore, that Promenade was entitled to retain the plaintiff's down payment. We modify.

Neither the plaintiff nor Promenade met their burden of establishing their prima facie entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). The plaintiff's and Promenade's evidentiary submissions revealed the existence of triable issues of fact as to whether the plaintiff acted in bad faith by failing to disclose the mortgage loan obligation in his application and, if so, whether the Board denied the plaintiff's application due to the plaintiff's bad faith (*cf. Balkhiyev v Sanders*, 71 AD3d 611, 612 [2010]; *Alter v Levine*, 57 AD3d 923, 924 [2008]; *Moustakas v Noble*, 259 AD2d 602, 603 [1999]).

Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment, and improperly granted Promenade's cross motion for summary judgment. Covello, J.P., Angiolillo, Dickerson and Sgroi, JJ., concur.