■ ARI YEMINI, Also Known as ARIEH YEMINI, Individually, Plaintiff/Counterclaim Defendant-Respondent, and ARI YEMINI, Also Known as ARIEH YEMINI, as a Member of PENINSULA HOLDINGS, LLC, et al., Respondents, v ODED GOLDBERG et al., Defendants/Counterclaim Plaintiffs-Appellants, et al., Defendant. Additional Counterclaim Defendants. (And a Third-Party Action.) [930 NYS2d 236]—

The plaintiff/counterclaim defendant and the plaintiffs commenced this action alleging, inter alia, that the defendants/counterclaim plaintiffs Oded Goldberg and Goldberg Commodities, Inc. (hereinafter together the defendants) failed to make certain required capital contributions to the plaintiff Peninsula Holdings, LLC (hereinafter Peninsula). The order appealed from relates to the proposed sale of real property owned by Peninsula. On appeal, the defendants contend, inter alia, that the Supreme Court erred in concluding that the plaintiff Ari Yemini, also known as Arieh Yemini, in his capacity as a member of Peninsula, had the authority to close on the subject sale of real property on behalf of Peninsula. However, during the pendency of this action, and as a result of the filing of the notice of appeal, the prospective purchaser of the real property was unable to obtain title insurance in order to proceed with the subject transaction. As a result, the down payment was returned to the

prospective purchaser and the subject contract of sale was rendered void. Where performance of a contract has been voided and/or rendered impossible, a disputed issue that arises from the contract is rendered academic (*see Alter v Levine*, 57 AD3d 923, 924 [2008]; *Asher v Gigante*, 21 AD3d 916, 917 [2005]; *Voyticky v Duffy*, 19 AD3d 685, 685 [2005]; *Church of God of Prospect Plaza v Fourth Church of Christ, Scientist, of Brooklyn*, 76 AD2d 712, 718 [1980], *affd* 54 NY2d 742 [1981]). Accordingly, under the instant circumstances, the issue of Yemini's authority to close on the transaction on behalf of Peninsula is academic. Despite the parties' contentions to the contrary, this case does not warrant the invocation of the exception to the mootness doctrine (*see Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715 [1980]; *Naber Elec. Corp. v Hawthorne Cedar Knolls Union Free School Dist.*, 49 AD3d 698, 698 [2008]; *Asher v Gigante*, 21 AD3d at 917; *Romaro Corp. v Sea & Sky Garden*, 304 AD2d 742 [2003]; *compare Matter of Brown v Appelman*, 241 AD2d 279 [1998]). Rivera, J.P., Balkin, Hall and Cohen, JJ., concur.