*907 Cheryl Hershkowitz (hereinafter the decedent) was a shareholder/lessee in a cooperative building owned by the respondent/defendant White House Owners Corp. (hereinafter the corporation). Wells Fargo Bank (hereinafter the lender) held a mortgage in the amount of $340,000 secured by the shares and proprietary lease appurtenant to the decedent’s apartment. According to the corporation’s by-laws, its offering plan, and Paragraph 16 of the proprietary lease, a shareholder was *908 required to obtain the approval of the Board of Directors before assigning the lease or transferring the shares allocated to an apartment in the cooperative. Paragraph 17 of the proprietary lease, however, provided that in the event that the lease was terminated at the lender’s request by reason of default, the lender could sell and assign the shares subject only to the approval of the managing agent, whose consent could not be “unreasonably withheld.”
Following the decedent’s death, George Hershkowitz, the administrator of the estate of Cheryl Hershkowitz (hereinafter the petitioner), as administrator of her estate, unsuccessfully sought to sell the shares referable to the cooperative apartment. During that time, the mortgage payments fell into default, and the lender advised the corporation and its Board of Directors (hereinafter together the respondents) that it would commence foreclosure proceedings and sent the respondents a notice of sale. Thereafter, the petitioner, the lender, and Angela Yakutilova, as the proposed purchaser, agreed to enter into a “short sale” in which the lender would accept a purchase price of $141,000 from Yakutilova in satisfaction of the indebtedness of the decedent’s estate. According to the president of the Board of Directors, Yakutilova’s application was rejected solely on the basis that the purchase price was too low. Subsequently, the petitioner commenced this hybrid proceeding and action seeking, inter alia, declaratory and injunctive relief to compel the “short sale” of the subject apartment at the contract price of $141,000.
After the petitioner and the respondents made various motions, by order dated May 5, 2011, the Surrogate’s Court, inter alia, denied the petitioner’s motion for summary judgment on the first and second causes of action, which sought declaratory and injunctive relief, respectively, in effect, denied the petitioner’s separate motion for permissive joinder of Angela Yakutilova as a petitioner/plaintiff, denied those branches of the respondents’ cross motion which were for summary judgment dismissing the first and second causes of action, and granted that branch of their motion which was for summary judgment dismissing the third cause of action. In the order appealed from the Surrogate’s Court, inter alia, upon reargument, adhered to the determination in the order dated May 5, 2011, denying the petitioner’s motions and, upon renewal, granted those branches of the respondents’ cross motion which were for summary judgment dismissing the first and second causes of action. We affirm.
The respondents established their prima facie entitlement to *909 judgment as a matter of law with respect to the first and second causes of action by submitting evidence that the subject contract expired during the pendency of this hybrid proceeding and action and that the lender would no longer agree to a sale price of $141,000. Where the performance of a contract has been voided and/or rendered impossible, a disputed issue that arises from the contract is rendered academic (see Yemini v Goldberg, 88 AD3d 697, 699 [2011]; Alter v Levine, 57 AD3d 923, 924 [2008]; Asher v Gigante, 21 AD3d 916, 917 [2005]). In opposition to the respondents’ prima facie showing that the subject contract had expired and was no longer capable of enforcement, the petitioner failed to raise a triable issue of fact. Accordingly, the Surrogate’s Court properly granted those branches of the respondents’ motion which were for summary judgment dismissing the first and second causes of action.
The Surrogate’s Court properly, in effect, denied the petitioner’s motion for permissive joinder of Yakutilova as a party. As the contract vendee of shares in the corporation, Yakutilova was not a party to the proprietary lease between the corporation and the petitioner, and thus had no standing to enforce its terms (see Harris v Seward Park Hous. Corp., 79 AD3d 425 [2010]; Leist v Goldstein, 305 AD2d 468 [2003]; Aridas v 244 E. 60th St. Owners Corp., 292 AD2d 325 [2002]).
The petitioner’s remaining contentions are without merit. Angiolillo, J.E, Belen, Roman and Sgroi, JJ., concur.