■ In the Matter of AIDIN V. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; GIORGIO V., Respondent. [51 NYS3d 147]—

Appeal by the petitioner from an order of the Family Court, Suffolk County (Richard Hoffmann, J.), dated July 22, 2016. The order granted the father's motion to compel the petitioner to produce certain discovery material in paper format or by any other means acceptable to the father, and directed the petitioner to produce paper copies of discovery material, if requested in writing by the receiving counsel, in any matter before that court.

Motion by the father to dismiss the appeal on the ground that it has been rendered academic. By decision and order on motion of this Court dated December 30, 2016, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is

Ordered that the motion to dismiss the appeal is granted to the extent that the appeal from so much of the order as granted the father's motion to compel the petitioner to produce certain discovery material in paper format or by any other means acceptable to the father is dismissed as academic, without costs or disbursements, and the motion is otherwise denied; and it is further,

Ordered that the order is reversed insofar as reviewed, on the law, without costs or disbursements.

In an order of fact-finding and disposition dated November 3, 2014, the Family Court determined that the father had ne-

glected the subject child by misusing drugs. The court placed the father under the supervision of the Suffolk County Department of Social Services (hereinafter DSS) for a period of one year upon the conditions, inter alia, that, at the DSS's direction, he attend and participate in a substance abuse rehabilitation program and follow all recommended treatment, including drug testing. In a separate order of protection issued on the same date, the court directed the father to refrain from using illegal drugs and alcohol. Prior to the expiration of both orders, the period of supervision and the conditions of the order of protection requiring the father to refrain from using illegal drugs or alcohol were extended for an additional period of 12 months.

In March 2016, the DSS filed two petitions against the father, alleging that he had violated the terms and conditions of supervision and the order of protection by testing positive for illegal substances. In response to the father's request for discovery, the DSS provided him with a compact disc containing certain documents. The father moved in the Family Court to compel the DSS to provide him with paper copies of these documents. The court granted the father's motion and directed the DSS to produce the requested documents in paper format or by any other means acceptable to the father. The Family Court further held that, "in any matter before the Court," documents may be provided electronically via compact disc or otherwise, but *"must* be provided in paper format if specifically requested in writing by receiving counsel." The DSS appeals.

Since the DSS has provided the father with the requested documents in paper format, the appeal from so much of the order as granted the father's motion to compel the DSS to produce the documents to him in paper format has been rendered academic (*see Bajrovic v Jeff Anders Trucking*, 52 AD3d 553, 553 [2008]; *Schmidt v Maiorino*, 209 AD2d 683, 684 [1994]). Moreover, this issue does not warrant invocation of the exception to the mootness doctrine (*see Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715 [1980]; *Matter of Karlee JJ. [Jessica JJ.]*, 105 AD3d 1304, 1305 [2013]; *Matter of Niagara Mohawk Power Corp. v New York State Dept. of Envtl. Conservation*, 169 AD2d 943 [1991]). Accordingly, we grant the father's motion to dismiss the appeal to the extent of dismissing, as academic, the appeal from so much of the order as directed the DSS to produce certain documents in paper format or by any other means acceptable to the father.

However, the appeal from so much of the order as directed the DSS to produce paper copies of discovery material in any

matter before the court if requested in writing by receiving counsel has not been rendered academic. The Family Court exceeded its authority in directing the DSS to produce discovery in a certain format in matters other than the instant matter (*see generally Matter of John H.* 56 AD3d 1024 [2008]), and therefore improperly directed the DSS to produce discovery material in paper format if requested in writing by receiving counsel in any matter before the court. Rivera, J.P., Chambers, Duffy and Barros, JJ., concur.