■ In the Matter of COUNTRY-WIDE INSURANCE COMPANY, Appellant, v JESIE MONTERO, Respondent. GLOBAL LIBERTY INSURANCE COMPANY OF NEW YORK, Additional Respondent, et al., Additional Respondents. [61 NYS3d 109]—In a proceeding pursuant to CPLR article 75 to stay arbitration of a claim for supplementary uninsured motorist benefits, the petitioner appeals from a judgment of the Supreme Court, Queens County (Raffaele, J.), entered August 6, 2015, which, after a framed issue hearing, denied the petition and dismissed the proceeding. Motion by the additional respondent Global Liberty Insurance Company of New York to dismiss the appeal as academic. By decision and order on motion of this Court dated March 9, 2017, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and no papers having been filed in opposition or in relation thereto, it is

Ordered that the motion is granted; and it is further,

Ordered that the appeal is dismissed as academic, without costs or disbursements.

During the pendency of this appeal by Country-Wide Insurance Company (hereinafter Country-Wide) from the denial of its petition pursuant to CPLR article 75 to stay arbitration of a supplementary uninsured motorist claim, the matter proceeded to arbitration and Country-Wide executed a stipulation of settlement with the claimant settling the matter, which resulted in the issuance of a consent award by the arbitrator.

Accordingly, this appeal must be dismissed as academic, since the rights of the parties cannot be affected by the determination of this appeal, and no exception to the mootness doctrine is warranted herein (*see Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715 [1980]; *see e.g. Matter of Aidin V. [Giorgio V.]*, 149 AD3d 757 [2017]; *Matter of Pyne v Incorporated Vil. of Southampton Bd. of Historic Preserv. & Architectural Review*, 148 AD3d 1155 [2017]). Mastro, J.P., Hall, Cohen and Iannacci, JJ., concur.