Matter of Government Empls. Ins. Co. v Kul (2020 NY Slip Op 02470)





Matter of Government Empls. Ins. Co. v Kul


2020 NY Slip Op 02470


Decided on April 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
ROBERT J. MILLER
BETSY BARROS, JJ.


2018-14854
 (Index No. 518035/18)

[*1]In the Matter of Government Employees Insurance Company, appellant,
v
Eduard Kul, respondent.


O'Connor McGuinness Conte Doyle Oleson Watson & Loftus, LLP, White Plains, NY (Montgomery L. Effinger of counsel), for appellant.
Bruce S. Reznick, P.C. (Thomas Torto, New York, NY, of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim for underinsured motorist benefits, the petitioner appeals from an order of the Supreme Court, Kings County (Pamela L. Fisher, J.), dated November 14, 2018. The order denied that branch of the petition which was to permanently stay arbitration.
ORDERED that the order is reversed, on the law and the facts, with costs, and that branch of the petition which was to permanently stay arbitration is granted.
On July 15, 2018, the respondent, Eduard Kul, was involved in a motor vehicle accident while driving his motorcycle. Kul made a claim to the petitioner, Government Employees Insurance Company (hereinafter GEICO), under his policy number 4467-56-37-57 (hereinafter the Lexus policy), which had a $100,000 supplementary underinsured motorist (hereinafter SUM) limit. GEICO denied Kul's claim under the Lexus policy, stating that the motorcycle Kul had been driving at the time of the accident was insured under Kul's GEICO policy number 4549-45-80-83 (hereinafter the motorcycle policy), which had a $25,000 SUM limit that had already been satisfied from the tortfeasor's insurance payout.
Kul demanded arbitration of his claim for SUM benefits under the Lexus policy. Kul requested the full policy limit of $100,000.
GEICO then commenced this proceeding pursuant to CPLR article 75 seeking a permanent stay of arbitration or, in the alternative, a temporary stay of arbitration pending a hearing on the issue of whether Kul was expressly excluded from SUM coverage under the Lexus policy. In its petition, GEICO alleged that Kul's motorcycle was insured under the motorcycle policy, which had SUM limits of $25,000/$50,000. GEICO noted that the only vehicle listed under the Lexus policy, which had SUM limits of $100,000/$300,000, was a 2017 Lexus GX 460, and that the Lexus policy specifically excluded SUM coverage for bodily injury sustained by an insured while occupying a motor vehicle owned by the insured but not covered under the policy.
In an order dated November 14, 2018, the Supreme Court denied that branch of the petition which was to permanently stay arbitration.
As an initial matter, the appeal has not been rendered academic because there is no indication that a final arbitration award has been issued (see Matter of Country-Wide Ins. Co. v Montero, 153 AD3d 816, 817; Argenio Bros. v New Paltz Cent. School Dist., 87 AD2d 879, 879). Contrary to Kul's contention, GEICO preserved its right to appeal from the order by virtue of its motion in this Court seeking a stay of the arbitration proceeding pending hearing and determination of this appeal (see Matter of Global Liberty Ins. Co. of N.Y. v Eveillard, 171 AD3d 749, 750).
On the merits, as the party seeking a stay of arbitration based upon a lack of coverage, GEICO bore the initial burden of showing the existence of sufficient evidentiary facts to justify the stay (see Matter of Global Liberty Ins. Co. of N.Y. v Eveillard, 171 AD3d at 751). Here, contrary to the Supreme Court's determination, GEICO set forth evidentiary facts and submitted documentary evidence sufficient to justify the stay. In response, Kul failed to submit evidence to rebut GEICO's evidentiary showing. Accordingly, the court should have granted that branch of the petition which was to permanently stay arbitration.
RIVERA, J.P., DILLON, MILLER and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court