Matter of Government Employees Ins. Co. v Charris (2021 NY Slip Op 01257)





Matter of Government Employees Ins. Co. v Charris


2021 NY Slip Op 01257


Decided on March 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2019-07054
 (Index No. 717360/18)

[*1]In the Matter of Government Employees Insurance Company, petitioner-respondent, 
v
Ligia Charris, respondent-respondent, Truck Tan, LLC, et al., appellants.


Scahill Law Group P.C., Bethpage, NY (Albert J. Galatan of counsel), for appellants.
Gail Lauzon (James G. Bilello & Associates, Hicksville, NY [Susan J. Mitola], of counsel), for petitioner-respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim for uninsured motorist benefits, Truck Tan, LLC, and State Farm Mutual Automobile Insurance Company appeal from an order and judgment (one paper) of the Supreme Court, Queens County (Ulysses B. Leverett, J.), entered May 6, 2019. The order and judgment, after a framed-issue hearing, granted that branch of the petition which was to permanently stay arbitration.
ORDERED that the order and judgment is affirmed, with costs.
On December 1, 2017, Ligia Charris allegedly was injured when her vehicle was struck by a red van that fled the scene. Although the van drove away, a bystander took photographs, allegedly of the van that struck Charris's vehicle, and sent them to Charris via text message. The van shown in those photographs was owned by Truck Tan, LLC (hereinafter Truck Tan), and insured by State Farm Mutual Automobile Insurance Company (hereinafter State Farm).
Charris filed a claim with State Farm, and State Farm denied payment of the claim on the ground that its insured denied involvement in the accident and Charris had insufficient evidence to prove liability against its insured. Charris then served a demand upon her insurer, Government Employees Insurance Company (hereinafter GEICO), to arbitrate her claim for uninsured motorist benefits. Thereafter, GEICO commenced this proceeding pursuant to CPLR article 75, inter alia, to permanently stay the arbitration, on the ground that the van was insured by State Farm and, thus, Charris had no valid claim under the uninsured motorist endorsement of her policy.
The arbitration was temporarily stayed pending a framed-issue hearing to determine whether Truck Tan's vehicle was involved in the subject accident. At the hearing, Charris testified that she saw the vehicle that struck her vehicle. She described it as a red "construction van" with writing on the side doors, a metal rack or rails on top, and painting on the back doors. Charris further testified that, while she was at the scene of the accident, a bystander sent photographs depicting the van, with a visible license plate, to Charris via text message, which Charris shared with the responding police officer. Charris testified that the van depicted in those photographs was the [*2]van that struck her vehicle. The photographs were admitted into evidence over the objection of Truck Tan and State Farm. At the conclusion of the hearing, the Supreme Court found that GEICO had established that the van which struck Charris's vehicle was the vehicle registered to Truck Tan and insured by State Farm, and that no evidence was offered to rebut these findings. Upon finding that the subject van was involved in the accident, the court granted that branch of the petition which was to permanently stay arbitration of the uninsured motorist claim. Truck Tan and State Farm appeal.
"In a proceeding to permanently stay arbitration of a claim for uninsured motorist benefits, the claimant's insurer has the initial burden of proving that the alleged offending vehicle was insured at the time of the accident, and thereafter the burden is on the party opposing the stay to rebut that prima facie showing" (Matter of Metropolitan Prop. & Cas. Ins. Co. v Singh, 98 AD3d 580, 581; see Matter of Government Empls. Ins. Co. v Kul, 182 AD3d 598, 600). Here, GEICO made a prima facie showing that the alleged offending vehicle was a van owned by Truck Tan and insured by State Farm. At the framed-issue hearing, Charris testified that she saw the van that struck her vehicle and she was able to describe it. She also properly authenticated two photographs as depicting the van that struck her vehicle (see generally People v Price, 29 NY3d 472, 477; People v Byrnes, 33 NY2d 343, 347). Visible within one of those photographs is the van's license plate. Through the results of a license plate search for that plate number, GEICO demonstrated that the other vehicle involved in the accident was owned by Truck Tan and that it had insurance coverage with State Farm (see generally Matter of Government Empls. Ins. Co. v Escoto, 178 AD3d 1040, 1042). Truck Tan and State Farm offered no evidence to rebut that prima facie showing. Accordingly, the Supreme Court properly granted that branch of the petition which was to permanently stay arbitration of the uninsured motorist claim.
MASTRO, A.P.J., HINDS-RADIX, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court