Funti v Andrews (2025 NY Slip Op 03247)

Funti v Andrews

2025 NY Slip Op 03247

Decided on May 29, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 29, 2025

Before: Moulton, J.P., Friedman, Scarpulla, O'Neill Levy, Michael, JJ. 

Index No. 365586/21|Appeal No. 4470-4471 M-2388|Case No. 2023-00897, 2023-04648|

[*1]Lamia Funti, Plaintiff-Respondent,
v
Marcus Andrews, Defendant-Respondent. Bishop Anba David, et al. Nonparty-Appellants. Jewish Coalition for Religious Liberty, Manhattan Grace Tabernacle, General Conference of Seventh-Day Adventists, U.S. Assemblies of God, The Jurisdiction of the Armed Forces and Chaplaincy of the Anglican Church in North America, and The New York Metro Council for Islamic Houses of Worship, Amici Curiae. 

Nelson Madden Black LLP, New York (Barry Black of counsel), for appellants.
Rabin Schumann & Partners LLP, New York (Bonnie E. Rabin of counsel), for Lamia Funti, respondent.
Ruta Soulios & Stratis LLP, New York (Joseph A. Ruta of counsel), for Jewish Coalition for Religious Liberty, amicus curiae.
Law Offices of Brent Robbins, Maple Grove, MN (Brent Robbins of counsel), for the Manhattan Grace Tabernacle parties, amici curiae.

Appeal from order, Supreme Court, New York County (Douglas E. Hoffman, J.), entered on or about February 6, 2023, which denied the motion of nonparties Bishop Anba David, Fr. Gregory Saroufeem, St. Mary & St. Mark Coptic Orthodox Church, and Coptic Orthodox Patriarchate Diocese of New York and New England, to quash a judicial subpoena, unanimously dismissed, without costs, as moot. Appeal from order, same court and Justice, entered September 11, 2023, which denied the nonparties' motions to quash a judicial subpoena and ordered Bishop David and Father Saroufeem to testify at a hearing, unanimously dismissed, without costs, as moot.
On appeal, the nonparties concede that they complied with the subpoenas by producing the subpoenaed documents and testifying at the subsequent hearing. Furthermore, because the nonparties have produced the documents and the hearing has concluded, the judicial subpoenas have no further force and effect, and the nonparties' rights are no longer affected by resolution of the appeal (see Matter of Victor v New York City Off. of Trials and Hearings, 174 AD3d 455 [1st Dept 2019]; Matter of Abidi v Antohi, 58 AD3d 726, 726 [2d Dept 2009]). Accordingly, the appeals from both orders have been rendered moot and dismissal of the appeals is appropriate (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]; Berger v Prospect Park Residence, LLC, 166 AD3d 937, 938 [2d Dept 2018], lv denied 33 NY3d 910 [2019]).
Under the particular circumstances of this case, this issue does not warrant invocation of the exception to the mootness doctrine (see Matter of Hearst Corp., 50 NY2d at 714-715). We note that the use made of this evidence in the matrimonial action remains subject to judicial review. M-2025-02388 — Funti v Andrews, et al. Motion to file an amicus curiae brief, granted.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 29, 2025