Palm Ave. Hialeah Trust v 2166 Dean, LLC (2025 NY Slip Op 03336)

Palm Ave. Hialeah Trust v 2166 Dean, LLC

2025 NY Slip Op 03336

Decided on June 4, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 4, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2024-00399
 (Index No. 708768/18)

[*1]Palm Avenue Hialeah Trust, etc., respondent,
v
2166 Dean, LLC, appellant, et al., defendants.

David M. Harrison, Brooklyn, NY, for appellant.
Ross Eisenberg Law PLLC, Cedarhurst, NY, for respondent.

DECISION & ORDER
In an action, inter alia, to foreclose a mortgage, the defendant 2166 Dean, LLC, appeals from an order of the Supreme Court, Queens County (Ulysses B. Leverett, J.), entered September 14, 2023. The order, insofar as appealed from, denied those branches of that defendant's motion which were for leave to renew its prior motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it as barred by the statute of limitations, which had been denied in an order of the same court entered May 31, 2022, and, upon renewal, to grant its prior motion, to vacate an order of the same court entered August 8, 2022, granting the plaintiff's motion, among other things, for summary judgment on the complaint insofar as asserted against that defendant and for an order of reference, and to vacate an order and judgment of foreclosure and sale (one paper) of the same court entered January 26, 2023.
ORDERED that the appeal is dismissed as academic, without costs or disbursements.
The appeal from the order entered September 14, 2023, has been rendered academic, as the subject property was sold at a foreclosure sale and the appellant failed to obtain a stay pursuant to CPLR 5519 to prevent the property from being sold (see Federal Natl. Mtge. Assn. v Darretta, 236 AD3d 762; see also Matter of Huntington Hebrew Congregation of Huntington v Tanenbaum, 62 AD3d 704; Equicredit Corp. of Am. v Cabrero, 17 AD3d 520).
In view of the foregoing, we do not address the parties' remaining contentions.
CONNOLLY, J.P., CHRISTOPHER, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court